## FRANK ALLEN v. THOMAS BROWN.

### June 6, 1898.

### Nos. 11,055—(68).

**Continuance—Discretion of Court—Action for Work and Labor.**

> *Held*, that the trial court did not abuse its discretion in denying defendant's motion for a continuance, and that the evidence sustains the verdict.

Appeal by defendant from an order of the district court for Faribault county, Quinn, J., denying a motion for a new trial, after a verdict in favor of plaintiff for $312.55. Affirmed.

*B. G. Reynolds*, for appellant.

*W. R. Geddes*, for respondent.

PER CURIAM.

The plaintiff is a minor, and brought this action, by his guardian ad litem, to recover the reasonable value of work and labor performed by him, as a farm laborer for the defendant, for the term of 22½ months. The answer alleges that the defendant received plaintiff into his house upon the express agreement made with him and Andrew Nesbitt, in whose charge and keeping the plaintiff then was, to the effect that the defendant should give the plaintiff a home and furnish him with his board and clothes in consideration of what work he might do for the defendant; that the services sued for were rendered pursuant to such contract, and that their reasonable value was less than the board and clothes furnished to the plaintiff by the defendant. The reply denied the making of any contract for plaintiff's services, and alleged that, if Nesbitt attempted to make such a contract, he did so without right or authority. The plaintiff had a verdict, and the defendant appealed from an order denying his motion for a new trial.

1. The defendant's first assignment of error is that the trial court erred in denying his motion for a continuance on account of the absence of a witness, Andrew Nesbitt, who it was claimed would give testimony tending to establish the contract set up in the answer. Waiving the objection of the plaintiff that the proposed testimony of Nesbitt was immaterial, for the reason that there was no showing or claim that he was the general guardian of the plaintiff, or had any authority to make a contract for him, we are of the opinion that the trial court properly exercised its discretion in denying the motion.

The record shows: That the case was on the calendar for trial at the January, 1897, term of the court, and was then continued, on the application of the defendant and consent of plaintiff, to the next term of the court, appointed to be held June 1, 1897. On the first day of the next term the motion was made, and it appeared from the affidavits upon which it was based that Nesbitt lived at Colgate, North Dakota, and that defendant knew his residence. That on May 25, 1897, and not before, the defendant's attorney gave notice of the taking of Nesbitt's deposition before a notary public at Hope, North Dakota, on May 30, which was Sunday. On May 27 the attorney discovered the mistake, and served a new notice for taking the deposition on June 3. The only excuse offered why steps were not sooner taken to secure the testimony is that the attorney was engaged from May 1 to May 24 in efforts to ascertain by correspondence the name of a notary before whom the deposition could be taken. The sufficiency of the excuse, and the degree of diligence it indicated, were questions for the trial court; and it did not err in denying the continuance.

2. The reception in evidence, over the defendant's objection, of plaintiff's account of the clothes and money he had received from the defendant was not reversible error. The evidence tends to show, and is sufficient to establish the fact, that the plaintiff correctly put the items down in pencil in a book, and afterwards copied them in ink upon a sheet of paper, and that afterwards the book was lost. The account, as it appeared on this sheet of paper, which was received in evidence, did not contain any debit items or charges against the defendant whatever. It was simply an account

of the items of clothing and their value, and the money which the plaintiff conceded that he had received from the defendant, and was given in evidence as a part of the plaintiff's original case in connection with his testimony.

3. The verdict is sustained by the evidence.

Order affirmed.