### WESTON et al. v. PROCTOR.

(Supreme Court, Appellate Term. March, 1902.)

MUNICIPAL COURTS—ADJOURNMENT—SHOWING MADE ON APPLICATION—DISCRETION.

    Consol. Act (Laws 1882, c. 410), § 1364, provides that an adjournment may be had at any time after joinder of issue for a period not exceeding 90 days from the return of summons on execution of an undertaking, and proof that the party cannot be ready for trial, for the want of material evidence (describing it), and that the delay has not been made necessary by his own neglect. An affidavit in support of a motion for an adjournment for 90 days stated that applicant could not obtain certain absent witnesses in less than 90 days, that the delay was not made necessary by his neglect, and that he expected to prove a certain allegation in his pleadings by them. Twenty-eight days had already elapsed since service of summons. Held, that inasmuch as by applicant's own

showing an adjournment for 90 days could not have been given, and in view of the meager statement of the materiality of the evidence, and the efforts made to secure attendance of the witnesses, the granting of the application was a matter within the discretion of the justice.

Appeal from municipal court, borough of Manhattan.

Action by Edwin Weston and another against Frederick F. Proctor. From a judgment in favor of plaintiffs, defendant appeals. Affirmed.

The pleadings were verified. The complaint alleged a cause of action for a breach of contract of employment, and the answer admitted the employment, but set up certain new matter in justification of defendant's failure to perform the contract. The material facts are stated in the opinion.

Argued before FREEDMAN, P. J., and GIEGERICH and GREENBAUM, JJ.

William F. S. Hart, for appellant.

Emanuel M. Friend (Michael Schaap, of counsel), for respondents.

GIEGERICH, J. A reversal of the judgment is sought solely because the justice refused to adjourn the trial of the cause when it was reached for trial on the 3d day of January, 1902. The record discloses that issue was joined on the 6th day of December, 1901, and that the trial of the cause was adjourned to the 27th day of the same month, and again to the date first above mentioned; the last adjournment having been procured, at the request of the defendant's attorney, upon the ground, as stated in his affidavit, that "H. A. Skinner, proprietor of Skinner's Opera House, at Little Falls, New York, and W. E. Gaut, manager of the Darling Theater, Gloversville, New York, are unable to be here before next week." Upon the said 3d day of January, 1902, the defendant's attorney, upon his own affidavit and an undertaking executed pursuant to section 1364 of the consolidation act (Laws 1882, c. 410), applied for a long adjournment of the cause. The enactment in question, so far as applicable, provides:

"An adjournment may be had either at the joining of issue, or at any subsequent time to which the cause may stand adjourned on application of either party, for a period longer than eight days, but not to exceed ninety days from the return of the summons, upon executing an undertaking in writing, with one or more sufficient sureties, to the effect that he will pay to the plaintiff or defendant the damages, costs or extra costs, in case judgment shall be rendered against him in the action, upon proof by the oath of the party or otherwise, to the satisfaction of the justice, that such party cannot be ready for trial before the time to which he desires an adjournment, for the want of material evidence, describing it; that the delay has not been made necessary by any act or neglect on his part since the action was commenced, and that he expects to procure the evidence at the time stated by him."

The affidavit upon which the application was based is as follows:

"William F. S. Hart, being duly sworn, deposes and says that he is the attorney for the defendant in the above-entitled action; that this action was brought against the defendant for an alleged breach of contract, and

defendant has filed and served a verified answer; that defendant has a good and substantial defense on the merits; that this action was marked for trial for the 3d day of January, 1902; that H. S. Skinner, who resides at Little Falls, in the state of New York, William E. Gaut, who resides at Gloversville, in the state of New York, and Edward S. Troth, who resides at Mt. Holly, in the state of New Jersey, are material, necessary, and important witnesses for the defense in this action, and without the testimony of said witnesses defendant cannot safely proceed to trial; that said witnesses are theatrical managers, and defendant intends to prove by their testimony the frauds alleged in his answer; that, after diligent effort, deponent has been unable to procure the attendance of said witnesses on the trial of this action; that the said Edward S. Troth is at the present time ill, and will be unable to appear as a witness for some time in the future, and defendant therefore cannot be ready for trial before the time to which he desires an adjournment; that the delay herein has not been made necessary by any act or neglect on the part of the defendant since this action was commenced, but, on the contrary, the defendant is eager to proceed to trial, and expects to procure the evidence of said witnesses at the time stated by him. Deponent therefore asks that, upon the filing of an undertaking as set forth under section 1364, this action be adjourned for ninety days from the 3d day of January, 1902, as in such case made and provided."

It is urged in behalf of the plaintiffs that the court did not have the power to grant the adjournment asked by the defendant, and we think the point is well taken. Under the statute, at the time when the defendant made his application an adjournment could not have been granted for more than 62 days; 28 days having run at that time from the return of the summons. The application was for a 90-days adjournment, which the party's attorney alleged was necessary for the proper presentation of his defense; and, in view of the fact that the justice was without power to grant the adjournment thus deemed necessary, his exercise of discretion in the refusal of the application as made should not be disturbed. In form the application exceeded the permission of the statute, and in substance it did not present a case for the favorable exercise of discretion as a matter of necessity; for, according to the party's own showing, an adjournment shorter than requested would not have met the necessities of the case.

In view of the meager statement of the materiality of the evidence which might be given by the absent witnesses, and of the efforts made by or on behalf of the defendant to procure their attendance, it was certainly within the discretion of the justice to deny the application because made upon papers which did not satisfy him of the necessity for the adjournment. The judgment should therefore be affirmed, with costs.

Judgment affirmed, with costs. All concur.