ELLA HIBBETS, Appellee v. N. M. HIBBETS, Appellant.

Continuances: SUFFICIENCY OF MOTION: *Sickness of party.* An affidavit in support of a motion for a continuance on the ground of the sickness of the movant, stating merely that he was unable to attend the trial, but not showing that he intended to be a witness, or that his presence was otherwise necessary, was insufficient to justify the court in granting a continuance.

ABSENCE OF WITNESS. *Abuse of Discretion.* An affidavit in support of a motion for a continuance on the ground of absence of a witness stated that affiant believed the witness to be a resident of Iowa until a few days before the date of the trial, but had been recently informed that he lived in Arkansas; that affiant did not know what witness would testify to until ten or twelve days before, and, on learning, began searching for the witness and that the witness or his deposition would be produced at the next term of court. The former residence of the witness was not given, and it was not .shown when he moved away, or what justified the belief that he was a resident of the state when the action was commenced. Code, section 3664, requires a statement of efforts constituting due diligence which have been used to obtain the witness or his testimony. *Held,* that there being no showing of diligence in discovering the evidence as required by section 3664, the facts stated did not show a right to a continuance so clearly as to render the denial of the motion an abuse of discretion.

*Appeal from Marion District Court.*—HON. JAS. D. GAMBLE, Judge.

THURSDAY, MAY 22, 1902.

SUIT in equity for a divorce. After issue joined, defendant filed a motion for a continuance. This motion

was overruled, and the case went to trial, resulting in a decree for plaintiff, and defendant appeals.—*Affirmed.*

*Clarkson & Bates* and *Kinkead, Mentzer & Granger* for appellant.

No appearance for appellee.

DEEMER, J.—The sole question presented is the correctness of the ruling on the motion to continue. That motion was based on the absence of a witness and the illness of the defendant. The action was commenced January 18, 1900. Answer was filed February 20th; and the motion for a continuance, February 26th. It is conceded by counsel that a motion for a continuance, is addressed peculiarly to the sound discretion of the judge, but it is contended that this discretion is not an arbitrary one, and that it must be governed by fixed legal rules. This contention is, no doubt, correct; but, to justify a reversal, it must clearly appear that this discretion has been abused, and that injustice was done thereby.

Turning now to the record, we find that the showing of the defendant's sickness was insufficient to justify the court in granting the continuance. He made affidavit in which he stated that he was suffering from rheumatism; that he had been subject thereto for several years; that at the time the case was assigned for trial he could get about but little, and that he was also suffering from a severe cold; that he had not called a physician, because his complaint was an old one, from which he received relief by freedom from exposure, and by careing for himself indoors. There was no showing that defendant's presence was necessary, that he intended to be a witness, or that counsel could not try the case in his absence. Manifestly, there was no such abuse of discretion as to justify us in reversing the case on the ground of the sickness of the defendant. *Jackson v. Boyles*, 64 Iowa, 428. Regarding the

absent witness, it is sufficient to say that the showing is not as satisfactory as it might be. While the court in the exercise of its discretion might have sustained the application, still we do not think its order overruling it, is so clearly erroneous, that we should reverse the case on account thereof.

The showing of diligence in obtaining the witness, his residence, and his testimony, and as to grounds of belief that his evidence could be procured at some future time, was as follows: "That one Peter Myers is a material witness in my behalf, and who, I am informed, is now a resident of the state of Arkansas; that I believed the witness was a resident of the state of Iowa until I was informed, a few days ago, that he now resides in said state of Arkansas; that in fact your affiant was not informed of this, and as to what the witness would testify to, until ten or twelve days ago, and then began hunting said witness at once, when he discovered that he is now living in Texarkana, Arkansas. The defendant believes all of the above facts to be true, and that said witness, if present, would testify to the same; that, if said cause is continued until the next term of court, affiant can and will produce the said witness, or take his evidence by deposition, and in time for the next term of court." Manifestly, this, also, is insufficient to establish an abuse of discretion in the trial court in overruling the motion based thereon. The former residence of witness Myers is not given, and the efforts made to discover and to procure his evidence are not set out with sufficient fullness to justify us in saying that defendant exercised proper diligence. It is not shown when the witness moved away from Iowa. Nor are any facts recited which justified defendant in the belief that the witness was a resident of the state of Iowa when this action was commenced. Facts showing diligence in discovering the evidence are not shown as required by statute (Code, section 3664).

As the trial judge was familiar with the facts connected with the case, he was better able than we are to determine whether defendant acted with due diligence, and in good faith made proper efforts to prepare for trial, or whether the motion was but an expedient to obtain time. All presumptions are in support of the court's holding, and the showing here is not sufficient to justify us in disturbing it.—AFFIRMED.