## WILLIAM A. LOMAX v. CHRIST HOLBINE.

FILED JUNE 18, 1902.  No. 11,791.

Commissioner's opinion, Department No. 3.

1. **Evidence.** Evidence examined, and *held* sufficient to sustain the verdict.

2. **Continuance:** AFFIDAVIT: ABSENT WITNESS: MATERIALITY OF TESTIMONY. An affidavit for a continuance, on the ground of the absence of a witness, which leaves the materiality of such witness in doubt, is fatally defective.

3. **Verdict:** NO BREACH OF CONTRACT: INSTRUCTION: MEASURE OF DAMAGES: ERROR WITHOUT PREJUDICE. Where, from the nature of the verdict, it is apparent that the jury found there was no breach of contract, whatever error there may be in an instruction as to the measure of damages for a breach of such contract, is error without prejudice, as to the party claiming such damages.

4. **Instruction: Sympathy.** It is not a valid objection to an instruction that the matters therein stated to the jury for their consideration may create sympathy for one of the parties to a suit, when such matters are proper for the jury to consider in arriving at a verdict.

Error from the district court for Dawson county. Tried below before Sullivan, J. *Affirmed.*

*E. A. Cook,* for plaintiff in error.

*George W. Fox, contra.*

Albert, C.

The petition in this case states two causes of action. The first is for a balance of $10.50, due for services rendered by the plaintiff to the defendant, as a farm hand, from the 12th day of April, 1896, to the first day of January, 1897, under an express contract for wages at a specific sum. The second is for work and labor subsequently rendered from the 1st day of March, 1897, to the 25th day of September, of the same year, without any express agreement as to the rate of wages. It is alleged in the petition that the services mentioned in the second cause of action were reasonably worth $130, no part of which has been paid except $86. The answer admits the first cause of action, and that the plaintiff performed the services mentioned in the second, but alleges that the services mentioned in the second cause of action, were rendered under an express contract whereby the wages were fixed at $15 per month, and that the defendant has paid the plaintiff thereon the sum of $91.90. Further answering, the defendant alleges that the plaintiff quit his second term of service before the same had expired, whereby the defendant sustained certain damages, and that by reason of the negligence and carelessness of the plaintiff certain stock of the defendant had been lost, whereby the defendant had sustained further damages. The reply is a general denial. A trial was had which resulted in a verdict and

judgment for the plaintiff in the sum of $49.35. The defendant brings the case here on error.

It is urged that the verdict is not sustained by sufficient evidence. We have examined the evidence with some care and are satisfied that it is sufficient to sustain the verdict. Whether it preponderates in favor of the plaintiff, was a question exclusively for the jury. Another ground urged for the reversal of the judgment is the ruling of the court on the defendant's application for a continuance. The affidavit for a continuance is to the effect that a certain witness worked for the defendant, at the time plaintiff was at work for him; that the plaintiff had admitted to such witness that he agreed to work for the defendant for $15 a month; and that the said witness would testify to such facts. It will be remembered that one cause of action is on an express contract, whereby the rate of wages was fixed at $15 a month. There is nothing in the affidavit to show whether this conversation took place during the plaintiff's first term of employment, or the second. If it took place under the first term, it would be immaterial. As the affidavit is indefinite on that point, it was not error for the court to overrule the application. Complaint is made of an instruction, given by the court on its own motion, whereby the jury were instructed that there was no evidence to sustain a finding in favor of the defendant for damages to his stock resulting from the negligence of the plaintiff. The instruction was proper. We are unable to find a syllable of evidence in the record that would warrant the submission of that question to the jury.

Complaint is made of another instruction, given by the court, wherein the jury were instructed that if the plaintiff quit his second term of service before the time of the expiration thereof fixed by the contract, without cause or legal excuse, and the defendant, after using ordinary prudence to procure some one to complete such term, was compelled to pay a greater amount than the amount he had agreed to pay the plaintiff, the measure of the defendant's damages would be the difference between the amount

he had agreed to pay the plaintiff and the amount he was compelled to pay for the completion of the plaintiff's term of service. The objection urged against this instruction is that there is no evidence tending to show that the plaintiff had a legal excuse for quitting the defendant's service, hence, it was error to submit that question to the jury. The verdict of the jury can be explained on no other theory than that they found in favor of the plaintiff on the question whether the rate of wages was fixed by the terms of the second contract, because, if they found in favor of the defendant on that question, the verdict must have been for a lesser amount. That being true, we must assume that the contract for the second term of services was that the plaintiff should receive the fair and reasonable value of his services. It is uncontradicted that at or about the time he quit the service of the defendant, the defendant insisted that the wages were fixed at $15 a month by the terms of the contract, and that he would settle with him on that basis; and the verdict established the fact that his services were worth more than that. Such facts alone would be a sufficient excuse to justify the plaintiff in quitting the services of the defendant. If he had just cause to quit such services, the defendant is entitled to no damages for a breach of the contract. If he is entitled to no damages in that behalf, whatever error there may have been in instructing the jury on that point, so far as the defendant is concerned, is error without prejudice.

Complaint is made of another instruction because the jury were thereby instructed that in determining what the plaintiff's services were reasonably worth, there were to be taken into account, among other things, that he cooked his own meals and worked about the house. It was urged that this instruction was liable to create a sympathy in favor of the plaintiff. The mere fact that a statement of matters otherwise proper to be taken into account by the jury, may create sympathy in favor of one party or the other, does not render such statement erroneous. The matters referred to were proper to be taken into account by the jury in de-

termining the reasonable value of the plaintiff's services, and it was proper thus to instruct the jury.

We discover no reversible error in the record, and therefore recommend that the judgment of the district court be affirmed.

AMES and DUFFIE, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.