FOWLES *v.* RUPERT.

1. EVIDENCE—VARYING WRITING—HARMLESS ERROR.

In an action for breach of a contract to purchase certain hay, under which defendant had the right to designate which hay should be baled first, the admission of testimony tending to vary the terms of the writing in that respect was not prejudicial to defendant, the testimony having been stricken out, the jury having been instructed that defendant had a right to determine the order of baling, and the jury having returned a verdict of " No cause of action."

2. SAME—HEARSAY—HARMLESS ERROR.

It being claimed that defendant was in default in not furnishing cars in which to load the hay, the admission of testimony as to what an employé of plaintiff told him concerning the presence of cars at the station was not prejudicial to defendant, the verdict of "No cause of action" indicating that the jury found that defendant did not break the contract.

3. TRIAL—SUBMISSION OF ISSUES—HARMLESS ERROR.

Error in submitting plaintiff's claim to the jury is harmless to defendant where the jury return a verdict of " No cause of action."

4. SAME—INSTRUCTIONS.

Error in refusing instructions requested by defendant is harmless where the verdict shows the jury reached the desired result without hearing them.

5. SAME—NECESSITY OF REQUESTS.

A defendant who has pleaded in recoupment cannot complain of an instruction authorizing the jury to find a verdict of "No cause of action " where he offered no request embodying his claim that the undisputed evidence showed that he had suffered damages in excess of the amount admitted to be due plaintiff on account.

6. COSTS — APPEAL FROM JUSTICE'S COURT — TRIAL AFTER REVERSAL.

Section 930, 1 Comp. Laws, authorizes the circuit judge to exercise his discretion in awarding costs on trial after reversal by the Supreme Court of a case originating in justice's court.

Error to Calhoun; Hopkins, J. Submitted February 16, 1906. (Docket No. 191.) Decided March 5, 1906.

Assumpsit by Louis Fowles against Conrad Rupert for breach of a contract to purchase certain hay. There was judgment for defendant, and an order deducting $75 from the taxable costs, from which order defendant brings error. Affirmed.

*Stewart & Jacobs*, for appellant.

*D. C. Salisbury*, for appellee.

HOOKER, J. This cause has been before us on a former occasion. The plaintiff had recovered a judgment, which was reversed. See 138 Mich. 150. Another trial has resulted in a verdict and judgment for the defendant, of no cause of action, and items of cost amounting to $75 were deducted to which defendant thinks himself entitled, and has appealed.

The action was begun before a justice of the peace, to recover for a balance for hay sold and delivered and for damages for the alleged refusal of the defendant to receive and pay for a quantity of hay in accordance with a contract between the parties. The evidence shows that plaintiff had two kinds of hay, timothy and clover, stacked on his farm. Defendant purchased it at $4.50 per ton, and was to have it pressed and baled on the premises, plaintiff to furnish some aid in the way of labor. The hay was for shipment in cars, to be furnished by the defendant as needed, plaintiff to draw the hay, and deliver it on board cars which defendant was to have at the station to load hay in when baled. After a quantity of hay was baled it was delivered at the station Saturday night, and was found to be somewhat in excess of the capacity of the cars then there. On Monday, plaintiff asked defendant's men to bale the clover hay before finishing the timothy, which they refused to do, saying that defendant's instructions were to finish the timothy first. Plaintiff thereupon refused to assist, and after a time the defendant's men left the place.

1. It is said that by the terms of the writing defendant had the right to determine which hay should be baled first, and that certain testimony tending to vary this contract was erroneously admitted. An examination satisfies us that this was stricken out. Moreover, the court instructed the jury that defendant had the legal right to determine which hay should be baled first. Again, the jury's verdict of no cause of action was inconsistent with the claim that defendant had broken the contract by refusing to bale the clover first.

2. It is said that it was immaterial under this contract whether defendant furnished the cars in accordance with the contract or not. Upon the trial the plaintiff contended that defendant violated the contract before Monday morning, in failing to have the cars at Renton, and because of that breach of the contract plaintiff had a right to order the balers off the field and collect damages. In support of this claim he testified that there were insufficient cars there on Saturday, no more there Sunday, and that on Monday he sent a man to the station to ascertain whether any had arrived, and that he returned and reported in the presence of one McConnell. He was asked to state what was said, and an objection was overruled, but we do not discover that the question was answered. We think that defendant suffered no injury from this testimony, as the verdict of no cause of action shows that the jury must have found that the plaintiff, and not defendant, was the one who broke the contract.

3. It is said that the court erred in submitting plaintiff's claim to the jury. If it was error it was not harmful, as is shown by the verdict of no cause of action.

4. This assignment of error is covered by the last one discussed.

5, 6. Error is assigned upon the refusal to give certain requests to charge. That relating to damages was sufficiently covered in the charge, while as to others the result shows that the jury reached the desired result without hearing them.

7. It is contended that the court erred in instructing the jury that they might render a verdict of no cause of action. The record shows that at the time suit was brought there was $53 unpaid account, the price of the timothy hay actually delivered. That amount must have been wiped out by damages sustained by the defendant, the verdict showing that a recoupment was permitted to that amount. Unless the undisputed proof showed that defendant suffered damages beyond $53, the court could not properly have instructed the jury not to render the verdict given. If the undisputed proof did show an excess of damages in defendant's favor, the defendant's counsel should have made a request embodying the claim now made. They not only failed to make such a request, but those made asked the court to direct the jury to find the amount of damage sustained. We cannot reverse the cause upon this ground.

8. The court authorized the entry of judgment for the defendant for costs, but required a reduction of $75 from the amount taxable. We think that this was justified by the statute. 1 Comp. Laws, § 930.

The judgment is affirmed.

MCALVAY, GRANT, MONTGOMERY, and MOORE, JJ., concurred.