## GREAT WESTERN LIFE ASSURANCE COMPANY v. A. H. SHUMWAY et al.

### (141 N. W. 479.)

**Depositions — exceptions — evidence — accounts — books of account.**

1. Sec. 7288, Rev. Codes 1905, expressly authorizes the taking of exceptions to depositions upon the grounds of incompetency and irrelevancy at the time the same is offered in evidence. It is accordingly held that defendants' objection, made for the first time during the reading of the deposition, to certain testimony as to the status of the account between plaintiff and its agent, was properly sustained; it appearing that such account was kept by plaintiff in books of account, which books were the best evidence.

**Sureties — bonds — default of agent.**

2. Respondents are sought to be held liable to appellant assurance company, as sureties, upon a certain bond given to indemnify it against the acts and defaults of its agent, one Shumway, the bond containing a stipulation that "the company's books shall, from time to time and at all times, be accepted

Note.—On the question what is provable by books of account, generally, see note in 52 L.R.A. 689.

and received, and shall in fact be as against the agent and sureties prima facie evidence of the amount of the indebtedness of the agent to the company, and of his accounts, dealings, and transactions with the company or on its behalf." At the trial plaintiff sought to introduce exhibits "C" and "D," the former purporting to be a mere copy of the company's ledger account with Shumway, and the latter merely a detailed statement of said account claimed to have been taken from plaintiff's books.

*Held,* that such testimony was incompetent and properly excluded.

### Witness — deposition — conclusions.

3. The witness whose deposition was offered in evidence, testified to his mere conclusion that Shumway "is now indebted to the plaintiff company in the sum of $454.39."

*Held,* that such testimony was clearly incompetent and was properly stricken out on defendants' motion.

### Agency contract—written admission—presumption.

4. A certain letter written by Shumway to the company shortly prior to the termination of his agency contract was offered in evidence for the purpose of proving an admission by Shumway that he was indebted to the company in a certain sum. A proper foundation was laid for the introduction of such letter, and the same was competent proof, as against these respondents, to having been written while Shumway was in the plaintiff's employ under the agency contract. Such letter is somewhat ambiguous as to the amount of the indebtedness admitted, but the same is interpreted as an admission that there was due from Shumway to the company on the date such letter was written, of the sum of $159, and it will be presumed, in the absence of any proof to the contrary, that such indebtedness continued down to the termination of the agency contract, and also at the time of the commencement of this action. Defendants having offered no evidence to rebut such presumption, it is held that the trial court should have ordered judgment for said sum, with interest.

Opinion filed May 1, 1913.

Appeal from District Court, Ramsey County; *John F. Cowan,* J.

From a judgment in defendants' favor, dismissing the action, plaintiff appeals.

Reversed with directions.

*Murphy & Duggan,* for appellant.

The objections to the evidence contained in the depositions were not well taken. No exceptions having been filed prior to the time of trial, only objections which went to the competency and relevancy of

the testimony could be urged. Rev. Codes, § 7288; Anderson v. First Nat. Bank, 6 N. D. 497, 72 N. W. 916; Ueland v. Dealy, 11 N. D. 529, 89 N. W. 325.

*P. J. McClory,* for respondent.

The witness Jordine did not qualify to enable him to testify to an account. The manner of keeping the account and the correctness of same, must be shown to be competent proof. Session Laws 1907, chap. 118.

Books of account—if in existence—are the best evidence, and a witness cannot testify to the condition of such account from memory, while such books are accessible. Greenville v. Ormand, 51 S. C. 58, 39 L.R.A. 847, 64 Am. St. Rep. 663, 28 S. E. 50; Paola Gas Co. v. Paola Glass Co. 56 Kan. 614, 54 Am. St. Rep. 598, 44 Pac. 621.

Fisk, J. Action to recover on a bond executed and delivered by respondents to plaintiff, Great Western Life Assurance Company, conditioned for the payment to it of any moneys which at any time may be due and owing to plaintiff from one A. H. Shumway, appellant's agent, whom it duly appointed to solicit life insurance at Devils Lake and vicinity. The said Shumway, principal in such bond, made no appearance in the action, nor was he present at the trial. The execution and delivery of the bond sued on is expressly admitted by the answer, and practically the only evidence offered at the trial was in the form of a deposition of one Jordine, secretary of appellant company. No exceptions were filed to such deposition, but, when being read in evidence, numerous objections to the testimony were made and sustained upon the grounds of incompetency and irrelevancy. At the close of the testimony both parties moved for a directed verdict, whereupon the jury was discharged, and the trial judge took the case under advisement, and later gave judgment in defendants' favor, dismissing the action.

Appellant assigns a large number of alleged errors, but they relate in the main to the correctness of the various rulings on objections interposed by respondents during the reading of the deposition. No evidence was offered by defendants, and we are confronted merely with the question as to whether plaintiff established by such deposition a prima facie case, and this in turn depends upon the question as to

whether the exclusion by the court of certain portions of such deposition was proper. In order to show a breach of the bond it was incumbent on plaintiff company to prove an indebtedness due from Shumway to it, arising out of the agency contract, and this it sought to prove by its secretary, Jordine, through such depositions.

Defendants' objections were directed to the point that no proper foundation had been laid for the testimony sought to be elicited from such witness relative to the state of the account between plaintiff and Shumway, it appearing that such account was kept in book form by plaintiff. No appearance was made by defendants at the taking of such deposition, and the same is in the narrative, instead of by questions and answers. Appellant contends that none of the objections thereto were well taken, and further that they came too late, because not filed prior to the trial, citing § 7288, Revised Codes and Anderson v. First Nat. Bank, 6 N. D. 497, 72 N. W. 916, and Ueland v. Dealy, 11 N. D. 529, 89 N. W. 325. Sec. 7288 is as follows: "Exceptions to a deposition on the ground of incompetency or irrelevancy may be made at the time the same is offered in evidence; other exceptions to a deposition must be made in writing, specifying the grounds of objections, and filed in the cause before the commencement of the trial."

We have examined the cases above cited and do not deem them in point. They in no way support appellant's contention. The statute is plain, and clearly authorizes the practice pursued in this case; and indeed, such is the general, and we think the universal, practice in the district courts of this state. The objections interposed to such deposition, as before stated, related to the competency and relevancy of the testimony, and we will now consider the correctness of the rulings complained of.

The bond sued on provides "that the company's books shall, from time to time and at all times, be accepted and received, and shall in fact be, as against the agent and sureties, prima facie evidence of the amount of the indebtedness of the agent to the company, and of his accounts, dealings, and transactions with the company or on its behalf." The books of the company, therefore, were competent evidence as against these defendants, of the state of the account between Shumway and the plaintiff, provided a proper foundation was first laid for their introduction. Such books were not offered, however, but instead of so doing

plaintiff sought to prove the vital fact in issue, to wit, that Shumway was indebted to the company, by the deposition of its secretary, wherein such witness, without any foundation being first laid as to his qualifications to thus testify, other than showing that he was secretary of the company, testified to the conclusion that "the defendant Shumway is now indebted to the plaintiff company in the sum of $454.39." Defendants objected thereto, and moved to strike the testimony out as incompetent, and a mere conclusion, and no foundation having been laid, which objection was sustained and the motion granted. We think such rulings were clearly correct. The fact that the witness was plaintiff's secretary would not of itself qualify him to thus testify. Furthermore, such testimony was a naked conclusion of the witness; and, moreover, the record discloses that Shumway's account was kept in books of the company, and therefore such books were manifestly the best evidence of the state of the account.

In the face of the fact that Shumway's account was kept by plaintiff in its books of account, we cannot understand on what possible theory counsel for appellant can properly contend that the court erred in excluding exhibits "C" and "D," the former purporting to be a mere copy of the company's ledger account with Shumway, and the latter merely a detailed statement of said account claimed to have been taken from plaintiff's books. Such testimony was clearly incompetent. Greenville v. Ormand, 51 S. C. 58, 39 L.R.A. 847, 64 Am. St. Rep. 663, 128 S. E. 50; Paola Gas Co. v. Paola Glass Co. 56 Kan. 614, 54 Am. St. Rep. 598, 44 Pac. 621; Hunt v. Roylance, 11 Cush. 117, 59 Am. Dec. 140; Anchor Mill Co. v. Walsh, 108 Mo. 277, 32 Am. St. Rep. 600, 18 S. W. 904; John A. Tollman Co. v. Bowerman, 5 S. D. 197, 58 N. W. 569; Isbell v. Whalen, 25 S. D. 445, 127 N. W. 476; 2 Wigmore, Ev. § 1532.

Nor do we think there is any substantial merit in appellant's contention that respondents' objections came too late, and that consequently all of the deposition should have been received in evidence. While it is true that many of the objections were made after the testimony objected to had been read, and no motion was made to strike such testimony out, nevertheless, it does appear that as to the vital portions of such deposition motions were made and granted, striking the same out. This is especially true as to the portion wherein the witness stated

as his conclusion that Shumway "is now indebted to the plaintiff company in the sum of $454.39," and also as to the exhibits "C" and "D" aforesaid, and with these portions of the depositions thus stricken out such deposition did not make out a prima facie case for the plaintiff.

But appellant's counsel contend that, even though the deposition is treated as out of the case, still it was error not to have directed a verdict in plaintiff's favor for the sum of $259. Such contention is predicated upon certain admissions made by Shumway in a letter, exhibit "F," written by him to plaintiff's manager on November 9, 1908, wherein he stated, among other things: "I have collected $159 and you have advanced $100. Now, if I can get all this through, it will not be so bad, and I will get what more in I can, as I will have to get money before I can pay you the $159." There are other statements in such letter to the effect that Shumway had misappropriated certain funds in his hands belonging to plaintiff. Such letter was properly identified, and we think was admissible in evidence as showing an indebtedness due from Shumway to the company on November 9, 1908, growing out of the agency contract. Respondents contend, however, that such letter is no evidence of the condition of the account between the parties at the date such account was closed, which was nearly two months thereafter. We think, however, that, in the absence of any showing to the contrary, it must be presumed that the indebtedness thus admitted continued to exist, not only at the time the agency contract was terminated, but at the time of the commencement of this action. See Lawson, Presumptive Ev. p. 165, and cases cited. That such admission is binding on the sureties seems to be well established. 2 Brandt, Suretyship & Guaranty, 3d. ed. § 795, and cases cited. We do not, however, construe such letter as admitting an indebtedness of more than $159. The letter is somewhat ambiguous, and it does not appear therefrom when the $100, which Shumway admits was advanced, was payable, nor does it appear that the same had not been paid. And later on it is stated, "I will have to get money before I can pay you the $159." We think the reasonable inference to be drawn from this statement is that the latter amount is the sum he must pay in order to liquidate his indebtedness.

We conclude, therefore, that the trial court erred in not giving plaintiff judgment for the sum of $159, with interest thereon at the legal

25 N. D.—18.

rate from November 9, 1908; and it is accordingly ordered that the District Court vacate its judgment heretofore entered against this appellant, and enter a judgment against respondents, Goer and Bell, and in favor of such appellant, in accordance with the views above expressed, appellant to recover its costs and disbursements on this appeal.