## C. L. KAYE v. J. B. TAYLOR.

(148 N. W. 629.)

**Competent evidence — neglect and failure to produce by litigant — cannot introduce secondary and incompetent evidence — admitting introduction of incompetent evidence — court may exclude same from jury by proper instruction.**

1. The neglect of a litigant to produce competent evidence which is in his possession does not justify a court in permitting the introduction of that which is secondary and incompetent, and if such court has inadvertently admitted the same under objection he can later correct the error by excluding the same from the consideration of the jury.

**Adjournment allowed to enable litigant to obtain evidence — discretionary — abuse of discretion.**

2. The granting of an adjournment to allow a litigant time in which to obtain evidence is discretionary with the trial court, and will only be interfered with where such discretion has been clearly abused. There is no such abuse of

Note.—The admissibility of secondary evidence of contents of absent account books is treated in a note in 52 L.R.A. 604, and the admissibility of statements taken from such books is considered in a note in 52 L.R.A. 847.

discretion where a plaintiff who sues upon a book account has failed to bring with him his books of account so that they may be introduced during the process of the trial, and asks for an adjournment in order that he may obtain the same.

**Application for adjournment — must disclose nature and competency and materiality — "certain documents" — insufficient.**

3. An application for an adjournment for the purpose of obtaining evidence must disclose the nature and materiality of that evidence. Where the evidence sought to be obtained consists of books of account, a statement that the evidence sought to be obtained consists of "certain documents" is not sufficient.

**Book account — suit upon — books in possession of plaintiff — oral evidence of debt incompetent.**

4. Where a litigant sues upon a book account and the books of account are shown to be in his possession, a statement by the plaintiff that there is owing to him on such account a certain sum of money does not constitute competent evidence.

**Book account — balance due — suit to recover — prima facie case — not made out by parole proof of debits and credits.**

5. In a suit upon a balance due on a book account, a prima facie case is not made out by proof merely of the debits and a parole statement of a general balance where there is no competent proof of the credits, though it is admitted that there are such.

Opinion filed May 27, 1914. Rehearing denied September 9, 1914.

Appeal from the District Court of Burleigh County, *Winchester*, J.

Action to recover balance due on book account. Judgment for defendant. Plaintiff appeals.

Affirmed.

*F. E. McCurdy*, for appellant.

Plaintiff is not restricted to the use of his books and records to prove an account, but he may use other means of evidence to prove his account, such as admissions by the defendant, etc. 1 Enc. Ev. 157; 2 Elliott, Ev. § 1260; 3 Enc. Pl. & Pr. 536; Providence Tool Co. v. Prader, 32 Cal. 634, 91 Am. Dec. 598.

Where evidence, admittedly incompetent, is admitted on the trial, the court cannot direct a verdict against party offering same. McCloud v. O'Neall, 16 Cal. 392; Pierce v. Jackson, 21 Cal. 641; Watt v. Nevada C. R. Co. 23 Nev. 163, 62 Am. St. Rep. 772, 44 Pac. 423, 46 Pac. 52, 726; Choctaw & M. R. Co. v. Goset, 70 Ark. 430, 68 S.

W. 879; Betz v. People's Bldg. Loan & Sav. Asso. 23 Utah, 605, 65 Pac. 592; Ashton v. Dashaway Asso. 84 Cal. 61, 7 L.R.A. 809, 22 Pac. 660, 23 Pac. 1091.

The court erred in not granting plaintiff's request to adjourn ten minutes earlier than usual, to permit plaintiff to produce and offer in evidence his documents. Illinois C. R. Co. v. Slater, 139 Ill. 190, 28 N. E. 830; Sun Ins. Co. v. Stegar, 129 Ky. 808, 112 S. W. 922; Zipperer v. Savannah, 128 Ga. 135, 57 S. E. 311; Knapp v. Order of Pendo, 36 Wash. 601, 79 Pac. 209.

*Newton, Dullam, & Young,* for respondent.

This action is brought to recover the balance due upon an account. It was therefore necessary for plaintiff to prove all of the items of such account with proper credits, so that the jury could determine for itself the amount of the balance unpaid, if any. This was not done, and therefore the court properly directed a verdict for defendant. Coats v. Gregory, 10 Ind. 345; O'Loughlin v. Ayrault, 133 N. Y. Supp. 444; Allen v. Brown, 11 Tex. 520.

It was improper for the court to permit plaintiff to prove by parole or to testify to any balance due, especially over objections timely made.

Such evidence was clearly incompetent. Great Western Life Assur. Co. v. Shumway, 25 N. D. 268, 141 N. W. 479; Solomon v. Creech, 82 Ga. 445, 9 S. E. 165; Birmingham Lumber Co. v. Brinson, 94 Ga. 517, 20 S. E. 437.

The evidence showed that plaintiff kept his accounts in books for such purpose. The books of account were therefore the best evidence. Great Western Life Assur. Co. v. Shumway, supra.

If evidence is erroneously admitted during the course of the trial, the court may cure its error by distinctly withdrawing such evidence from consideration by the jury, or by striking it out and giving the jury proper instructions in reference thereto. Turner v. American Security & T. Co. 213 U. S. 257, 53 L. ed. 788, 29 Sup. Ct. Rep. 420; Pennsylvania Co. v. Roy, 102 U. S. 451, 26 L. ed. 141; Ware v. Pearsons, 98 C. C. A. 364, 173 Fed. 878; Roche v. Baldwin, 135 Cal. 522, 65 Pac. 459, 67 Pac. 903; Fowles v. Rupert, 143 Mich. 246, 106 N. W. 873; Bishop v. Chicago, M. & St. P. R. Co. 4 N. D. 536, 62 N. W. 605; Mighell v. Dougherty, 86 Iowa, 480, 17 L.R.A. 755, 41 Am. St. Rep. 511, 53 N. W. 402; Yakima Valley Bank v. McAllister,

37 Wash. 566, 1 L.R.A.(N.S.) 1075, 107 Am. St. Rep. 823, 79 Pac. 1119; Mallory v. Fitzgerald, 69 Neb. 312, 95 N. W. 601; Townsend v. Greenwich Ins. Co. 39 Misc. 87, 78 N. Y. Supp. 897, 86 App. Div. 323, 83 N. Y. Supp. 909, affirmed in 178 N. Y. 634, 71 N. E. 1140; Megrue v. Lennox, 59 Ohio St. 479, 52 N. E. 1022; Sanborn v. Lefferts, 16 Abb. Pr. N. S. 42, 58 N. Y. 179.

Application for continuance will usually be denied after trial has begun or after party has announced himself ready for trial, except for a cause arising at the trial. 4 Enc. Pl. & Pr. 872; Porter v. Triola, 84 Ill. 325; Stokes v. Stokes, 127 Ga. 160, 56 S. E. 303; Cross v. Cross, 56 W. Va. 185, 49 S. E. 129; Leavitt v. Kennicott, 54 Ill. App. 633; Knauber v. Watson, 50 Kan. 702, 32 Pac. 349.

Appearing and going to trial without asking for a continuance is a waiver of the right thereto. Hanna v. McKenzie, 5 B. Mon. 314, 43 Am. Dec. 122; Reed v. Wangler, 46 Mo. 508.

The application must show diligence. Benoit v. Revoir, 8 N. D. 226, 77 N. W. 605; Kuhland v. Sedgwick, 17 Cal. 123; Owens v. Hart, 66 Iowa, 565, 24 N. W. 41; Payne v. First Nat. Bank, 16 Kan. 147; Leach v. Detroit Electric R. Co. 125 Mich. 373, 84 N. W. 316; Allen v. Brown, 72 Minn. 459, 75 N. W. 385; Swope v. Burnham, 6 Okla. 736, 52 Pac. 924; State ex rel. Hallam v. Lally, 134 Wis. 253, 114 N. W. 447, 15 Ann. Cas. 242; Pacey v. McKinney, 60 C. C. A. 365, 125 Fed. 675.

The rule is emphasized regarding documentary evidence in possession of or easily accessible to party. Owens v. Hart, 66 Iowa, 565, 24 N. W. 41; Cole v. Strafford, 12 Iowa, 345; Morrison v. Morrison, 102 Ga. 170, 29 S. E. 125; Steed v. Cruise, 70 Ga. 168; Anderson v. Citizens' Nat. Bank, — Tex. —, 5 S. W. 503; Owen v. Cibolo Creek Mill & Min. Co. — Tex. Civ. App. —, 43 S. W. 297; Spengler v. Davy, 15 Gratt. 381.

Or in its absence where party has had ample time to procure it. Huttig Sash & Door Co. v. Montgomery, 57 Mo. App. 91; Owen v. Cibolo Creek Mill & Min. Co. — Tex. Civ. App. —, 43 S. W. 297.

The materiality and character of the documents must clearly appear. Lomax v. Holbine, 65 Neb. 270, 90 N. W. 1122; Weston v. Proctor, 37 Misc. 800, 76 N. Y. Supp. 950; Hibbets v. Hibbets, 117 Iowa, 177, 90 N. W. 613; Gaines v. White, 1 S. D. 434, 47 N. W. 524.

Applicant for continuance must also clearly show facts material which are to be established by such absent documents, and that such facts cannot be proved in any other proper manner. Stewart v. Sutherland, 93 Cal. 270, 28 Pa. 947; Avery v. Wilson, 26 Iowa, 573; Jarvis v. Shacklock, 60 Ill. 378; Anderson v. Citizens' Nat. Bank, — Tex. —, 5 S. W. 503.

An oral unsworn statement by counsel of absent proof, etc., is entirely insufficient to support a motion for continuance. Cheney v. Dry Wood Lumber Co. 34 Minn. 440, 26 N. W. 236; Whaley v. King, 92 Cal. 431, 28 Pac. 579.

The granting or refusing of a continuance is in the discretion of the court. Webb v. Wegley, 19 N. D. 606, 125 N. W. 562; Kerr v. Grand Forks, 15 N. D. 294, 107 N. W. 197; Armour & Co. v. Kollmeyer, 16 L.R.A.(N.S.) 1110, 88 C. C. A. 242, 161 Fed. 78.

Bruce, J. This is one of the numerous cases in which a client has been directed by his attorney to bring his books of account with him when attending a trial as a witness on his own behalf, but has neglected and failed to comply with the request, and has then complained because his own negligence has made it impossible to prove his case. The neglect of a litigant to produce competent evidence which is in his possession does not justify a court in permitting the introduction of that which is secondary and incompetent; and if such court has inadvertently admitted the same under objection, he can later correct the error by excluding the evidence from the consideration of the jury. Turner v. American Security & T. Co. 213 U. S. 257, 53 L. ed. 788, 29 Sup. Ct. Rep. 420; Pennsylvania Co. v. Roy, 102 U. S. 451, 26 L. ed. 141; Ware v. Pearsons, 98 C. C. A. 364, 173 Fed. 878; Fowles v. Rupert, 143 Mich. 246, 106 N. W. 873; Bishop v. Chicago, M. & St. P. R. Co. 4 N. D. 536, 62 N. W. 605; Mighell v. Dougherty, 86 Iowa, 480, 17 L.R.A. 755, 41 Am. St. Rep. 511, 53 N. W. 402; Yakima Valley Bank v. McAllister, 37 Wash. 566, 1 L.R.A.(N.S.) 1075, 107 Am. St. Rep. 823, 79 Pac. 1119; Mallory v. Fitzgerald, 69 Neb. 312, 95 N. W. 601; Townsend v. Greenwich Ins. Co. 86 App. Div. 323, 83 N. Y. Supp. 909, affirmed in 178 N. Y. 634, 71 N. E. 1140; Megrue v. Lennox, 59 Ohio St. 479, 52 N. E. 1022.

The neglect of a litigant to produce competent evidence which is in

his possession does not justify the court in forcing the opposing party to meet and contradict that which is hearsay and incompetent, provided it is seasonably objected to. Nor does the fact that a client has neglected to furnish and bring with him competent evidence which he has in his possession make it obligatory upon a court to adjourn the case, and to keep in idleness a jury which is maintained at great expense by the community, in order to allow the litigant time in which to obtain such evidence. The granting of a continuance or adjournment, indeed, is discretionary with the trial court, and this discretion will only be interfered with where it has been clearly abused. Webb v. Wegley, 19 N. D. 606, 125 N. W. 562; Armour & Co. v. Kollmeyer, 16 L.R.A. (N.S.) 1110, 88 C. C. A. 242, 161 Fed. 87; Cole v. Strafford, 12 Iowa, 345; Leach v. Detroit Electric R. Co. 125 Mich. 373, 84 N. W. 316. In any event due diligence should be shown on the part of the applicant. Benoit v. Revoir, 8 N. D. 226, 77 N. W. 605; Kuhland v. Sedgwick, 17 Cal. 123; Allen v. Brown, 72 Minn. 459, 75 N. W. 385. So, too, when an application is made for an adjournment for the purpose of obtaining evidence, the materiality and nature of that evidence should be shown. In the case at bar, the evidence sought to be obtained consisted of books of account, but the application merely stated that "certain documents were required." The character and materiality of the evidence was therefore not clearly shown. Stewart v. Sutherland, 93 Cal. 270, 28 Pac. 947; Lomax v. Holbine, 65 Neb. 270, 90 N. W. 1122; Weston v. Proctor, 37 Misc. 800, 76 N. Y. Supp. 950; Hibbets v. Hibbets, 117 Iowa, 177, 90 N. W. 613; Gaines v. White, 1 S. D. 434, 47 N. W. 524.

When an action is brought upon a balance claimed to be due upon a book account, and the books of account are in the possession of the plaintiff, a statement of the plaintiff that there is owing him on such account a certain sum of money does not constitute competent evidence. Great Western Life Assur. Co. v. Shumway, 25 N. D. 268, 141 N. W. 479.

These are practically the only questions to be decided upon this appeal. Plaintiff sued upon a book account. He failed to produce the books in evidence as a whole, or to have them proved by the bookkeeper who made the entries therein. He merely introduced some sheets from a loose leaf ledger which were the work of his bookkeeper, and a mem-

orandum of account which was made by such bookkeeper. It is true that as to the debits on the account, he testified from the original drafts which were introduced in evidence. The credits, however, he sought to prove without any independent knowledge or recollection, and from the memoranda made by the bookkeeper, and by stating generally that there was a balance due him of some $425.

It is quite clear that even though the evidence of the debits was admissible and the drafts were the best evidence, the testimony as to the credits was entirely hearsay. It seems to be clear that when one sues on a balance claimed to be due on a book account, he does not establish that balance by merely proving the debit side of the account, and testify generally that a certain balance is due when he admits that there are numerous credits. It is true that some of the hearsay and incompetent evidence was admitted by the court, but it was admitted under objection, and the error could afterwards be corrected by excluding the evidence from the consideration of the jury, which was done in the case at bar. We may add that even upon the application of the plaintiff for an adjournment in order to allow him to get his books, which had been sent for, and which he expected upon a later train, there was no showing of the nature and materiality of the evidence.

The judgment of the District Court is affirmed.

Goss, J. (specially concurring). I concur in affirmance, but not in the fourth or fifth subdivisions of the syllabus and the discussion in the opinion thereunder. Whether such testimony constitutes competent proof depends upon the state of the record, and the rules announced are too general to be applicable to all cases.