Raymond STEUBER, Plaintiff,

v.

HASTINGS HEATING & SHEET METAL COMPANY, Defendant and Cross-Defendant Respondent,

and

Francis J. Burke, Defendant and Cross-Claimant Appellant.

Civ. No. 8419.

Supreme Court of North Dakota.

Nov. 2, 1967.

---

Degnan, McElroy, Lamb & Camrud, Grand Forks, for defendant and cross-claimant, appellant.

O'Grady, Edwards & Galloway, Grand Forks, for defendant and cross-defendant, respondent.

PAULSON, Judge.

The plaintiffs, Raymond Steuber, his wife, and four children, brought separate actions against the defendants, Hastings Heating & Sheet Metal Company and Francis J. Burke, for personal injuries resulting from inhalation of carbon monoxide gas. These six cases were consolidated for trial and, just prior to the commencement of this suit, the plaintiffs moved to amend their complaints to include an allegation with reference to the violation of the Uniform Building Code of the City of Grand Forks, North Dakota. Neither of the defendants resisted this motion and the amendments were accordingly granted by the trial judge. During the course of the trial the plaintiffs' cases were settled for the aggregate sum of $7,500. Each of the defendants paid the plaintiffs $3,750. In addition, there was a stipulation that Francis J. Burke, the cross-claimant, was entitled to pursue his cross-claim against Hastings to recover the sum of $3,750 which Burke had asserted against the Hastings Heating & Sheet Metal Company. The action on the cross-claim was tried to the court without a jury and a judgment was rendered and certain costs awarded in favor of the cross-defendant, that is, Hastings Heating & Sheet Metal Company. The cross-claimant has appealed from the judgment and has demanded a trial de novo, and has set forth certain specifications of error.

The evidence discloses that the appellant Francis J. Burke is a general contractor and builder of homes at Grand Forks, North Dakota. These homes were built by him for sale or for lease. Burke contracted orally with Hastings Heating & Sheet Metal Company to install furnaces in five homes which were being constructed, one of which being the home later occupied by the plaintiffs. Hastings was to pattern the furnace installation in the Steuber house after installations previously made in other Burke-built homes by other heating contractors. Prior to this time the Hastings firm had not installed any furnaces for Burke. There were no blueprints or other instructions furnished to Hastings by Burke. In these Burke-built homes containing the furnace installations which Hastings was directed to view and observe, none of the utility rooms had any door or wall air vents of any type. At such time the furnace installations in the Burke houses which Hastings viewed were complete and the houses were being occupied. Mr. Burke and Mr. George J. Hastings, of the Hastings Heating & Sheet Metal Company, were both aware of the Grand Forks Building Code and the fact that such furnace installations were usually inspected and approved by the city's building inspectors. The actual installation of the furnace in the Steuber house was completed while the house was being constructed by the contractor-owner Francis J. Burke, and at that time there were no doors on the utility room, and the walls of the utility room had not yet been painted. The installations by Hastings were accepted by Burke and, subsequently, one of the houses was leased by Burke to the plaintiff Raymond Steuber. The Steubers moved into the leased home on January 14, 1964. On the morning of January 16,

1964, Mr. Steuber was aroused and discovered that the air in this particular house was foul, upon which he alerted his family and moved them from the home. The plaintiffs were all injured by the carbon monoxide gas poisoning. The employees of the Hastings Heating & Sheet Metal Company had not installed the two panel doors on the front of the gas-burning furnace in the Steuber residence and both of the doors leading to and from the utility room in which the furnace was located were closed. The utility room was less than 8 feet square and there were no door or wall air vents and, therefore, did not comply with the Grand Forks Building Code. The combination of the failure to install the two panel doors and the failure to provide air vents in the doors or walls in the utility room resulted in causing the furnace to function improperly and to circulate carbon monoxide gas in the Steuber residence.

The appellant had designed and built a number of homes in Grand Forks, North Dakota. As the general contractor and owner, he had checked the Steuber premises from time to time while the furnace was being installed and while the same was operating, but he had never inquired about the panel doors. The appellant at no time had any established policy with reference to checking and inspecting his newly constructed homes at the times when they were ready for occupancy, but he simply notified his rental agent to lease them.

The house occupied by the Steubers did not have a basement, and the living room was located adjacent to the utility room. The utility room could be entered by a door from the living room, as well as by another door leading from the garage to the utility room.

█ Since this case is here on trial de novo, the court must decide the facts anew and review the entire record. When reviewing the entire record, the findings of the trial court are entitled to appreciable weight; especially where the trial court has the opportunity to observe the witnesses, hear them testify, and consider their actions and demeanor on the witness stand. Pauly v. Haas (N.D.), 84 N.W.2d 302; Swanson v. Swanson, 75 N.D. 332, 28 N.W.2d 73; Hillius v. Wagner (N.D.), 152 N.W.2d 468; Parceluk v. Knudtson (N.D.), 139 N.W.2d 864.

The appellant contends that the judgment is contrary to law because the evidence does not show any negligence on the part of Burke which proximately caused the injuries; he further contends that the evidence shows that the respondent's negligence was the proximate cause of the injuries and that, if there was any negligence on the part of Burke, such negligence would be passive and Burke would thus be entitled to recover from the cross-defendant Hastings Heating & Sheet Metal Company.

█ Burke contends that he is entitled to be indemnified by Hastings. Subsection 6 of Section 32–38–01, N.D.C.C., reads as follows:

"6. This chapter does not impair any right or indemnity under existing law. Where one tort-feasor is entitled to indemnity from another, the right of the indemnity obligee is for indemnity and not contribution, and the indemnity obligor is not entitled to contribution from the obligee for any portion of his indemnity obligation."

However, we need not determine whether this subsection is applicable because we find that both Burke and Hastings were tort-feasors. Concert of action is not necessary if the successive torts concur in producing the same indivisible injury. In this case, as heretofore mentioned, the acts of Burke and Hastings caused the injuries to the plaintiffs. Thus, where the independent tortious acts of two or more persons supplement one another and concur in contributing to and producing a single indivisible injury, such persons have in legal contemplation been regarded as joint tort-feasors, notwithstanding the absence of con-

certed action. 52 Am.Jur. Torts § 112, p. 451; 86 C.J.S. Torts § 35, p. 951. This court held, in Chicago, M., St. P. & P. R. Co. v. Johnston's Fuel Liners (N.D.), 122 N.W.2d 140, 148, that:

"A cause, to be a proximate cause, need not be the last negligent act in point of time."

Peru Heating Co. v. Lenhart, 48 Ind.App. 319, 95 N.E. 680. This court further held in Chicago, M., St. P. & P. R. Co. v. Johnston's Fuel Liners, supra, that if both the appellant and respondent were concurrently negligent, neither can recover from the other. Hjermstad v. Petroleum Carriers, Inc., 74 S.D. 406, 53 N.W.2d 839. Furthermore, in an action for indemnity, the rule is well settled in 42 C.J.S. Indemnity § 27, p. 604, that:

"* * * the right of a person exposed to liability and compelled to pay damages on account of the negligent or tortious act of another to indemnity from the latter * * * does not apply where both parties are joint tort-feasors, or are in pari delicto, as where the act of each of the parties contributed to cause the injury, * * *"

Smith v. 167th Street & Walton Ave. Corporation, 264 App.Div. 570, 35 N.Y.S.2d 965. This case involved an action by a pedestrian who was walking on a sidewalk and was struck by the metal portion of a fire escape which fell from the building which was under construction. Where the jury found that defendant general contractor was negligent in failing to provide shed over sidewalk or erect signs warning pedestrians of danger and that defendants who erected the fire escape were negligent in leaving material leaning against wall of building near open end of fire escape, defendants were in pari delicto and in absence of contract of indemnity general contractor was not entitled to judgment over against other defendants.

The case at bar is one which involves liabilities under construction contracts.

Since there was not a written indemnity contract in this case, we must examine the oral contract which was entered into between Burke and Hastings. In the instant case we find that Burke was actively negligent in failing to construct a utility room of sufficient size and in constructing one without providing for door or wall air vents, in violation of the building code; that Burke failed to make any inspection of the furnace installation and accepted the same; and that the defendant Hastings Heating & Sheet Metal Company was also negligent in failing to install the panel doors on the furnace. It is interesting to note that the building inspector previously had directed Burke, prior to this asphyxiation, to provide more ventilation in the small utility rooms in other homes built by Burke in Grand Forks. Such activities on the part of Burke, together with further evidence that he was an experienced and capable contractor, was knowledgeable with reference to various heating systems, and was fully aware and cognizant of the building code, disclose that both the contractor and subcontractor were actively negligent.

Having determined that Burke and Hastings were tort-feasors, Section 32–38–02, N.D.C.C., applies. It reads as follows:

"32–38–02. *Pro rata shares.*—In determining the pro rata shares of tort-feasors in the entire liability:

"1. Their relative degrees of fault shall not be considered;

"2. If equity requires the collective liability of some as a group shall constitute a single share; and

"3. Principles of equity applicable to contribution generally shall apply."

Subsection 1 of Section 32–38–02, supra, was enacted to eliminate the matter of assessing the degree of fault between tort-feasors. Applying that section, we conclude that the two tort-feasors should share equally in the damages. Subsections 2 and 3 of

Section 32–38–02, supra, are not applicable to the case at bar.

■ The cross-claimant, Burke, also urges that the court erred in allowing the cross-defendant to amend his answer to the cross-claim. While it is true that the actions by the plaintiffs were originally commenced in July of 1964, the cross-claim was not served until September 15, 1964, and an answer was thereafter interposed to the cross-claim by the respondent. The record reveals that at the time the actions by the Steubers against Burke and Hastings were ready for trial, a motion was made by the plaintiffs to amend their complaint to include an allegation with reference to a violation of the uniform building code. There was no objection to such motion interposed either by Burke or Hastings, or their respective counsel. The fact that the respondent did not make a motion to amend his answer to the cross-claim until the day of the trial is not significant in this particular case. The plaintiffs and their attorneys were all aware from the date of the commencement of the trial of the Steuber actions that the building code was an integral part of the plaintiffs' pleadings and thus the amendment of the answer to the cross-claim by the defendant did not constitute a surprise, nor was it prejudicial to the rights of the cross-claimant. Courts are given considerable discretion with reference to amendments of pleadings. Continental Supply Company v. Syndicate Trust Company, 52 N.D. 209, 202 N.W. 404. Further, the discretion of the trial court in this regard will not be disturbed on appeal except in case of evident abuse thereof. Kaye v. Taylor, 28 N.D. 293, 148 N.W. 629.

Rule 15(a) of the North Dakota Rules of Civil Procedure, adopted in 1957, is ap-plicable in this case. This court, in J. R. Watkins Company v. Vangen (N.D.), 116 N.W.2d 641, 642, held:

"The propriety of permitting an amendment to a pleading by leave of court rests within the sound discretion of the trial court and his decision will not be disturbed on appeal unless an abuse of discretion is shown."

We conclude that the trial court did not abuse its discretion in permitting the amendment in the instant case.

■ Burke urges that the trial court erred in finding for the cross-defendant because Hastings was guilty of breach of contract. Burke has alleged in his cross-claim that there was a breach of contract. Even if such a breach of contract was established, we conclude from the entire record that Burke should not recover because of his failure to construct a utility room of sufficient size and to provide adequate ventilation, in violation of the building code, together with his failure to inspect the premises to determine that they were in proper condition for use as a family dwelling. We accordingly find that there was no error committed by the trial court.

The appellant further contends as an additional error that the trial court erred in rendering judgment for the cross-defendant in violation of Section 51–01–16, N.D.C.C. We find that the record does not disclose any violation of such section and that, accordingly, Section 51–01–16, supra, does not apply to the instant case. We therefore affirm the judgment of the district court.

TEIGEN, C. J., and STRUTZ, ERICKSTAD and KNUDSON, JJ., concur.