IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1854, IN THE THIRTY-
NINTH YEAR OF THE STATE.

---

ESPY *v.* THE STATE BANK.

An affidavit for a continuance may be made by an agent of the party apply-
ing, without accounting for the absence of the principal, or giving any other
reason why it is not made by him; and the circumstance that the agent is
not a party to the record, makes no difference.

*The State Bank* brought suit to recover the full amount of a bill of exchange.
The defendant applied for a continuance to procure evidence, by the testi-
mony of an absent witness, of his having paid part of the bill to the bank.
*Held,* that it was no answer to the application, that if the payment was in
fact made, the officers of the bank, or some of them, must have known it,
and could be made witnesses.

*Monday,*
*November 27.*

APPEAL from the *Ohio* Circuit Court.

STUART, J.—Assumpsit by the bank against *Espy,* on a
bill of exchange.

*Espy* claimed a credit of 400 dollars, which the bank re-
fused to allow. He then, by agent, filed his affidavit for a
continuance, stating that he could prove by one *Rogers,*

the payment to the branch bank at *Madison*, on the bill of exchange sued upon, of the sum of 400 dollars; that the payment was so received by the bank; that he knew of no other witness by whom he could prove the same fact so fully; that the witness was, or had been, in *California*, and at the time of making the affidavit was believed to be on his way home, so that his attendance as a witness at the next term might be reasonably expected; and that the affidavit was not made for delay, &c.; showing also the diligence used, &c.

With the affidavit the general issue was filed.

The Court overruled the motion for a continuance. *Espy* excepted. Trial by the Court, and judgment for the bank for 1,394 dollars and 67 cents.

The only question presented by the record is, whether the motion for a continuance was correctly overruled.

In mere money demands, like the one before us, such applications are necessarily regarded with more or less distrust, and closely scrutinized. The reason is obvious. If treated with indulgence, they may be readily made instruments to baffle and delay the collection of just debts.

On the other hand, the Courts should not hold debtors so strictly as to give an exorbitant creditor undue advantage.

Several objections are taken to the sufficiency of the affidavit, only two of which it is deemed material to notice.

1. It is objected that the affidavit was made by an agent, without accounting for the absence of the principal, or giving any other reason why it was not made by *Espy* himself. But the objection does not seem to be well taken. It is easy to conceive that the agent might be cognizant of facts of which the principal knew nothing. In such cases it is eminently proper that the affidavit should come from the agent.

That the agent is a stranger to the record can make no difference. Nay, for that very reason, his statements under oath are entitled to greater consideration than though made by the interested party himself.

2. It is objected that *Rogers* could not be the only witness by whom the payment could be proved, for that if

Nov. Term, 1854.

any such payment was in fact made, the officers of the bank, or some of them, must have known it, and they could be made witnesses.

But the bank, by her officers, had already denied the payment, by refusing to give the credit. The bank is known only through her officers. They are her organs. She speaks and acts by them. They denied his claim of payment. *Espy* had no reason to suppose that they would testify differently from these plain indications. They stood as hostile, or, at least, reluctant witnesses. Under these circumstances, it would be manifest injustice to drive the defendant to such an alternative as resorting to them. If he called them he made them his own witnesses. He was in a measure concluded by their evidence; for he could not impeach them; and, in the absence of *Rogers*, he could not set up and show a different state of facts. *Espy* might, therefore, well say that *Rogers* was the only witness by whom he could so fully prove the payment claimed.

The affidavit seems to us sufficient to entitle *Espy* to a continuance.

As the bank might have removed the cause for a continuance by giving the credit in the Court below, she may still give it in this Court. In that event, the judgment as to the residue will stand affirmed at the costs of the bank. Otherwise reversed with costs.

*Per Curiam.*—The credit not being given, the judgment is reversed with costs. Cause remanded, &c.

*D. S. Major* and *A. Brower,* for the appellant.

*W. M. Dunn* and *A. W. Hendricks,* for the appellee.