48   333
s50   210

LEROY S. WINTERS, APPELLEE, V. JOHN L. MEANS, APPELLANT.

FILED MAY 6, 1896.   No. 6411.

**Review: SUFFICIENCY OF EVIDENCE: BILL OF EXCEPTIONS.** Where there is presented by appeal only the sufficiency of the evidence to sustain the judgment of the district court, such judgment will be affirmed when there is to be found in the record no bill of exceptions.

APPEAL from the district court of Adams county. Heard below before BEALL, J.

*O. A. Abbott*, for appellant.

*B. F. Smith, contra.*

RYAN, C.

This case first made its appearance in the official reports of the decisions of this court in 25 Neb., 241, and on that occasion it was held that there existed a valid judgment against the firm of W. L. Smith & Co., and that to entitle Leroy S. Winters, the appellee, to relief, he should have pleaded his defense, and to justify his declaimer of the authority of an attorney to appear for him individually, the evidence adduced by him should have been clear and convincing. The judgment which had been rendered in the district court of Adams county in favor of Winters was therefore reversed and this cause was remanded, with leave to plaintiff Winters to file an amended petition in thirty days stating in full the defenses on which he relied. Purposely, an extended mention of the issues considered in the error proceedings just referred to has been omitted, that matters connected with subsequent proceedings might not give rise to confusion. With reference to subsequent transactions it is necessary, however, to state that the prayer of the original petition of Mr. Winters was that a judgment which had been rendered in favor of Means against himself, as a member of the firm of W. L. Smith & Co., might be vacated and set aside, and that Means might be restrained from collecting and enforcing said judgment. The grounds for this relief were that Winters, as he alleged, had never appeared, by attorney or otherwise; had never been notified of the pendency of said suit against the members of the firm of W. L. Smith & Co.; and that at the commencement of the action said Win-

ters was not a member of the firm of W. L. Smith & Co., never was indebted to Means, and had never been interested or concerned in the transaction out of which the said judgment had its origin. After the cause was remanded to the district court, Winters dismissed his petition and sought by a reply to the answer of Means, which was in the nature of a cross-petition, to plead certain matters of defense. This right was denied him, and on another error proceeding there was a reversal of the action of the district court, at this time to the advantage of Winters. (See 33 Neb., 635.) The affirmative allegations of the answer and cross-petition of John L. Means were to the effect that he, as plaintiff, on June 22, 1880, had recovered a judgment in the district court of Adams county for $22,691 against the defendants W. L. Smith & Co., consisting of W. L. Smith, Leroy S. Winters, John J. Worswick, Henry P. Handy, Charles Wells, and George Wells. It was in effect alleged by Means that Winters was a member of the firm of W. L. Smith & Co. at the time the obligation in said action sued upon had been incurred and when said suit had been brought, of the pendency of which suit Winters had notice, as alleged, and had employed attorneys, who had appeared for Smith & Co. and himself, and it was denied that Winters had any defense in reality to the cause of action upon which the aforesaid judgment had been rendered. It was averred by Means that the judgment in his favor, which Winters sought to have vacated, was at the time of filing the answer and cross-petition of Means in full force, wholly unpaid, unsatisfied, and unreversed. There was a prayer that execution might issue against Winters and for general equitable relief. The answer and cross-petition of Means above described was met by the following reply:

"And now come Leroy S. Winters and   *   *   *   first, denies that on the 22d day of June, 1880, or at any other time, said Means recovered judgment against W. L. Smith & Co., for the reason that no service had been

made upon the said W. L. Smith & Co., and the said W. L. Smith & Co. never appeared in said case, and the court never had any jurisdiction of the person of said W. L. Smith & Co.

"Second—And the said Leroy S. Winters, for further reply, * * * alleges that he was not a member of the firm of W. L. Smith & Co. at the time the cause of action accrued upon which suit was brought by said John L. Means against said W. L. Smith & Co., but had severed his connection with said W. L. Smith & Co. long before said time and before said Means had done anything, with the consent and knowledge of the said John L. Means, and one John J. Worswick had purchased the interest of the said Leroy S. Winters and assumed all responsibility, with the consent and knowledge of said John L. Means.

"Third—And for further reply the said Leroy S. Winters alleges that there was never any service of summons upon him in said suit, and he never appeared in said suit and never authorized any one to appear for him in any manner whatever, and he never had any notice or knowledge of the pendency of said suit until July, 1886.

"Fourth—And for further reply to said answer and cross-petition the said Leroy S. Winters alleges that the claims of the said John L. Means upon which he brought suit had been outlawed, long before judgment was rendered upon said suit, more than four years had elapsed from the time the cause of action mentioned in his petition had accrued before any suit was commenced, and more than five years had elapsed before any one of the members of W. L. Smith & Co. ever appeared in the suit, by attorney or otherwise, and more than five years had elapsed after such action accrued on which suit was brought before any steps or action was taken against the said Leroy S. Winters or before any one appeared in said suit."

The prayer of Winters, with which his reply closed, was that the judgment, in so far as it in any way related

to himself, might be declared void and of no effect, and for proper general equitable relief.

It was claimed by Means that the pleading first described as having been filed by Winters was an answer, and therefore Means replied thereto alleging first, that the matters raised had been determined and judicially settled in *Winters v. Means*, 25 Neb., 241, and second, by way of a general denial. There was no substantial ground for the claim that any matters involved in this case had been settled by any judgment of this court, as must appear from the description heretofore given of the matters which were brought to this court for review and its judgments thereon. Upon trial duly had upon November 30, 1892, there was, on March 17, 1893, a judgment rendered by the district court of Adams county in favor of Leroy S. Winters, upon the issues presented by the answer and cross-petition of John L. Means and the reply and answer of Leroy S. Winters. It is sought to review this judgment by an appeal, and accordingly no motion for a new trial was filed or passed upon; neither has there been filed in this court a petition in error.

There was stated by Winters in his pleading, designated by him a reply, sufficient facts, if established by proofs, to entitle him to the relief which he prayed; of this there can be no doubt. It is equally free from doubt that these matters pleaded by Winters had never been determined by this or any other court, so far as we have any means of knowledge. There was filed in this case notice that a motion would be presented in this court September 19, 1893, for an allowance of additional time to complete the record, by procuring and filing in this court the original bill of exceptions, or a copy thereof. No such order has ever been obtained, neither is there to be found any purported bill of exceptions. There is in the record, but not marked filed, what probably may have been regarded by the appellant as a bill of exceptions, but this has never been authenticated as such. We

cannot, therefore, consider it.   It must under these circumstances be assumed that there was sufficient evidence to sustain the findings of the district court, and that it was sufficiently shown by the proofs adduced that Mr. Winters was never represented by an attorney nor served with notice of the pendency of the action wherein judgment was rendered against him, and that before the firm of W. L. Smith & Co. incurred any liability to John L. Means, Leroy S. Winters had withdrawn from said firm, with the consent and knowledge of said Means.   The judgment of the district court must be, and it accordingly is,

AFFIRMED.

RAGAN, C., having been of counsel, took no part in the determination of this appeal.