Winters v. Means.

LEROY S. WINTERS, APPELLEE, V. JOHN L. MEANS, APPELLANT.

FILED JANUARY 7, 1897.   No. 6411.

1. **Partnership:** DESCRIPTION OF MEMBERS: PARTIES.   The description of the individual members of a defendant partnership firm does not make such individuals defendants, the reference to them being merely *descriptio personæ.*

2. **Bill of Exceptions:** EVIDENCE OF AUTHENTICATION.   Where there is satisfactory evidence that there had been a proper authentication of a bill of exceptions attached thereto, which, by accident, had become detached and lost, such showing was held sufficient secondary evidence to justify consideration of the bill of exceptions as such.

3. **Partnership:** PLEADING: APPEARANCE: LIMITATION OF ACTIONS.   In an action under section 27, Code of Civil Procedure, to charge the property of an individual member of a firm with the payment of a judgment against it, an entry of appearance by the firm, whereby jurisdiction was conferred to render such judgment, and the failure to interpose the statute of limitations as a defense, conclude the individual as to the binding force of such judgment with respect to the objection indicated.

REHEARING of case reported in 48 Neb., 333.   *Judgment below reversed.*

*O. A. Abbott,* for appellant.

*B. F. Smith, contra.*

RYAN, C.

In this case there was filed an opinion directing the affirmance of the judgment of the district court of Adams county. The evidence was not examined on that occasion, for the reason that it was not embodied in an authenticated bill of exceptions. (*Winters v. Means*, 48 Neb., 333.) Subsequently a satisfactory showing was made that before the cause was submitted there had been attached to the alleged bill of exceptions such authentication as entitled it to be considered, but that in some unaccountable manner this evidence had become detached. This, as secondary evidence, was deemed satisfactory within the rule recognized in *Warren v. Brown*, 31 Neb., 8, and accordingly a rehearing was granted. In this opinion we shall resume the history of this case at the point where it was broken off by the discovery that there was no properly authenticated bill of exceptions.

It is now proper to state that in the answer and cross-petition of Means it was alleged that executions had issued from time to time upon the judgment against the firm of W. L. Smith & Co., and that the same had been returned unsatisfied for want of property wherewith to satisfy the same. As we view it, this pleading, after the dismissal of the petition of Leroy S. Winters by himself, stood as a petition for affirmative relief against a partner made sole defendant by his own procurement. This being true, Winters could not be heard to complain that the other members of said firm had not been joined as defendants with him. The pleading disclosed the rendition of the judgment against the firm of W. L. Smith & Co. and the insufficiency of the partnership property to satisfy the same. The prayer was that execution might be issued against Leroy S. Winters, according to the statute in such cases made and provided, and for such other further and different relief as might be agreeable to equity and good conscience. By these averments, under the circumstances of this case, and by the prayer noted,

there was a sufficient compliance with the requirements of section 27, Code of Civil Procedure, to entitle Means to relief in accordance with the provisions of said section, provided Winters was a member of the firm and was bound by the judgment against it. It is proper to state, even at the risk of repeating what may have already been said in some former opinion, that the action instituted by Means against the firm of W. L. Smith & Co., with other defendants, as to whom there was subsequently a dismissal, was for the recovery of judgment in the sum of $15,000, and interest thereon from July 11, 1874, on account of labor performed and materials furnished in the construction of a certain railroad bridge, pursuant to the terms of a written contract between Means and said firm. It was alleged in the petition of Means that this labor was done and material furnished between the date of the contract, which was May 2, 1874, and July 11, 1874, inclusive of the last named day. This petition was filed on July 8, 1878. After it had been filed there were filed in succession, with the leave of the court, two amended petitions, but as there was no matter in either requiring special attention, we shall forbear describing these two pleadings. On June 22, 1880, there was a judgment in favor of Means in the sum of $22,691. It will be necessary to consider the record of the entry of this judgment in the course of this discussion, and at that time the particular matters to which attention should be directed will be described.

We shall now consider the objections urged by Winters to the granting of the relief prayed in the case at bar. In the original and amended petitions of Means the firm against which judgment was sought was described as "W. L. Smith & Co., consisting of William L. Smith, John J. Worswick, Leroy S. Winters, Charles Wells, and Henry P. Handy." In this language there was really named but one defendant—W. L. Smith & Co. The quoted language which followed the name of said firm was descriptive of its membership, and did not imply that these indi-

viduals were defendants. As this was an unincorporated association, formed for the purpose of doing business in this state, it was unnecessary, under the provisions of section 24, Code of Civil Procedure, to name the individuals composing it. This particularity in describing the firm was mere surplusage, and as such must be ignored. As a reason why, in this case, the judgment of Means against W. L. Smith & Co. should not be enforced against himself as a member thereof, Winters alleged that no service of summons had ever been made on W. L. Smith & Co., that said firm had never appeared, and that the district court never had obtained jurisdiction of said firm. On November 25, 1879, there was in the case of Means against W. L. Smith & Co. the following proceedings, as shown by the journal entry of said district court: "Come now the defendants and in open court present their motion for leave to answer said amended petition, which is also by the court sustained, and leave is hereby given said defendants to answer thereto within sixty (60) days," etc. In the same cause, under date of June 22, 1880, default was entered, the journal in that connection reciting that the defendants had appeared by attorney on November 25, 1879, asking leave to answer, which was then granted, and had then failed to plead, answer, or demur. It is true that this judgment was afterward reversed in this court, but that fact in no way invalidates the general appearance by the firm of W. L. Smith & Co. It is possible, as contended, that the use of the word "defendants" may have been because the members of the firm, were regarded as being defendants, but this assumption, as already stated, was unwarranted. The record quoted shows that there was a general appearance for the firm, and whether or not originally there was proper service of summons is thereby rendered immaterial.

The second contention made by the reply of Winters was that he was not a member of the firm of W. L. Smith & Co. at the time the cause of action accrued upon which suit was brought, but had previously severed his connec-

tion with that firm, as was well known to Means, with whose knowledge and consent, before Means had done anything under his contract, the interest of Winters had been transferred to John J. Worswick, by whom all liabilities of Winters had been assumed. On the trial of this case Mr. Winters testified that he had sold his interest in the firm of W. L. Smith & Co. to his partner, Worswick, on June 5, 1874, but there was no attempt to show that this transfer was known, much less assented to, by Means. When the contract was made Mr. Worswick was one of its members, and the assumption of the responsibility of Winters by Worswick could merely operate to release Winters, for already Worswick, as partner, was personally liable for the entire indebtedness of the firm, and the alleged transfer to him of the liability of Winters added nothing to the assurance of payment to Means. Under this condition of the proofs, Mr. Means testified that he never knew that Winters claimed to have severed his connection with the firm of W. L. Smith & Co. until this action was begun by Winters. Under these circumstances there was not sufficient evidence to justify an assumption that Means assented to the withdrawal of Winters from the firm of W. L. Smith & Co., and to his release from liability as a member of said firm with respect to its existing contract obligations.

It was finally insisted by Winters that more than four years had elapsed after the cause of action had accrued in favor of Means before summons was served on the firm of W. L. Smith & Co., and more than five years had elapsed before an appearance was entered by said firm. This was an attempt to impeach the judgment by pleading matter which might have constituted a defense if, at proper time, it had been interposed as such by the firm of W. L. Smith & Co. This was not done, and thereby there was waived the benefit of the statute personal to the defendant. (*Taylor v. Courtnay*, 15 Neb., 190; *Atchison & N. R. Co. v. Miller*, 16 Neb., 661; *Scroggin v. National Lumber Co.*, 41 Neb., 195.)

This disposes of all the objections urged in the reply of Winters, and our conclusion is that Means was entitled to the relief prayed in his answer and cross-petition. The judgment of the district court is reversed and this cause is remanded with instructions to enter a decree accordingly.

REVERSED AND REMANDED.

RAGAN, C., having been of counsel, took no part in the determination of this case.