THE CONTINENTAL SUPPLY COMPANY, Respondent, v. THE SYNDICATE TRUST COMPANY, a Copartnership, Consisting of P. J. Burfening, S. A. Darling and W. R. Burgess and S. W. Narregang, as Copartners, Appellants.

(202 N. W. 404.)

Continuance — Pleading, amendments to, should be liberally allowed especially to answers; on surprise of adverse party by amendment of pleading case should be continued for reasonable time and compensatory terms.

1. Amendments to pleadings should be liberally allowed in furtherance of justice; allowance thereof should be the rule and refusal the exception; and

---

Note.—(1) Liberal allowance of amendments, see 21 R. C. L. 572; 3 R. C. L. Supp. 1170; 5 R. C. L. Supp. 1164.

(2) Allowance of amendments discretionary, see 21 R. C. L. 573; 2 R. C. L. Supp. 1170; 4 R. C. L. Supp. 1421; 5 R. C. L. Supp. 1164.

(8) Form of judgment under statute permitting action to proceed upon service of less than all the partners or joint debtors sued, see annotation in 43 L.R.A. (N.S.) 540.

(9) Validity of stipulation for attorneys' fees, see annotation in L.R.A.1915B, 928.

52 N. D.—14.

this liberality should be exercised particularly in cases of proposed amendments to answers. If, by reason of the allowing of an amendment to the answer, alleging a new defense, the adverse party be in fact surprised, the case should be continued for a reasonable time, and in addition thereto, such terms imposed as will fairly compensate for the expense and inconvenience occasioned as the natural and necessary result of permitting the amendment.

**Appeal and error — pleading — permitting amendment to answer setting up new defenses is largely discretionary with trial court; discretion of trial court will not be disturbed on appeal except for abuse.**

2. Permitting or refusing amendments to the answer, setting up new defenses, is largely discretionary with the trial court. The discretion of the trial court in this regard will not be disturbed on appeal except in case of evident abuse.

**Pleading — party seeking to amend answer causing inconvenience and expense to opposing party and delay should satisfy court as to diligence and good faith.**

3. When permitting a new defense to be interposed by amendment, a short time before trial, will necessarily occasion inconvenience and expense to the other party, and perhaps delay the trial of a cause already at issue, on the calendar for the term, and in which the depositions of material witnesses, living in remote states, have been taken on the assumption that the issues had been made by the pleadings, the party who seeks to amend should satisfy the trial court both as to his diligence and his good faith.

**Continuance — requirements of affidavit in support of motion for continuance stated.**

4. The affidavit in support of the motion for a continuance should ordinarily contain a specific allegation to the effect that the facts to which the absent witness will testify cannot be proved by other witnesses whose testimony may be, or, by diligence, could have been, made available at the trial.

**Continuance — moving party should state facts as to diligence in affidavit for continuance in procuring testimony of absent witness or other witnesses.**

5. In an affidavit for a continuance, the moving party should state the facts, not merely his conclusions, as to diligence in procuring the testimony of the absent witness, or of other witnesses by whom the same facts could be proved.

**Continuance — denying continuance for absent witness held not abuse of discretion.**

6. Where, in a suit against a partnership, one partner having answered, it affirmatively appears from the affidavit for a continuance, or may be fairly inferred from the facts in the record properly before the trial court, that some or all the copartners knew the facts to which the absent and answering partner

would testify, if present, it is not an abuse of discretion to deny a continuance when there is no explanation why such copartners or their testimony cannot be procured for the trial.

**Partnership — liability of partners is joint, not joint and several.**

7. The liability of partners is joint, and not joint and several. (Comp. Laws, 1913, § 6410.)

**Partnership — on defense of action against copartners by only one partner judgment for plaintiff should be entered against firm.**

8. In a suit against a partnership, where only one copartner is served and defends the action, if the plaintiff prevail the judgment should be entered against the firm, and not alone against the defendant served, under § 7435, Comp. Laws, 1913.

**Bills and notes — stipulation in promissory note for attorney fees in case of default is void; stipulation in promissory note for attorney fees on default not enforced, although executed in state where such provision is lawful.**

9. A stipulation in a promissory note for attorney fees in case of default is contrary to "public policy and void," if made in this state, under § 7791, Comp. Laws, 1913; and it will not be enforced by the courts of this jurisdiction, notwithstanding the instrument was executed in a foreign state where such a provision could be lawfully incorporated therein.

Opinion filed December 31, 1924.    Rehearing denied January 10, 1925.

Appeal and Error, 4 C. J. § 2757 p. 799 n. 34.  Bills and Notes, 8 C. J. § 160 p. 94 n. 6; § 256 p. 149 n. 46.  Continuances, 13 C. J. § 71 p. 155 n. 31; § 91 p. 167 n. 81; § 137 p. 188 n. 43; § 138 p. 189 n. 53.  Partnership, 30 Cyc. p. 533 n. 39; p. 597 n. 66.  Pleading, 31 Cyc. p. 361 n. 28; p. 368 n. 9; p. 426 n. 40.

Appeal from District Court of Cass County, *Berry,* J.
Modified.

*Conmy, Young & Burnett* and *J. P. Conmy* and *P. J. Burfening,* for appellant.

A motion for continuance is addressed to the sound discretion of the trial court, and his rulings thereon will not be disturbed on appeal, unless it appears there has been an abuse thereof.  Storer v. Heitfeld, 17 Idaho, 113, 105 Pac. 55.

Where an application for a continuance is made on the ground of the absence of a party to the action and it is shown by the affidavit of such party's physician that she is unable to attend the trial on ac-

count of serious sickness, and such affidavit of the physician is corroborated by the attorney for the party setting forth in such affidavit that the party is a material witness in her behalf, and that her presence is necessary for the purpose of assisting counsel to properly present her cause, and it appearing that such application for a continuance was made in good faith, and not for the purpose of vexation or delay, but that justice may be done, held to be an abuse of discretion to deny the application for a continuance, which will require a reversal of the cause. McMahan v. Norick (Okl.) 69 Pac. 1047.

The privilege of a party being present at the trial of his or her cause is a most important one. It should not be denied when a party is without fault. Welcome v. Boswell, 54 Ind. 297; Schwartz v. Parsons, 22 Ind. App. 340, 53 N. E. 785; Deacon v. Rasch (Ind.) 81 N. E. 85.

Where an affidavit showed that defendants were husband and wife, that the wife was ill, and had left the state on the advice of a physician, who made affidavit to that effect, that her husband went with her, that they were the only witnesses for defendants, the court abused its discretion in not granting a continuance for the taking of depositions. Strom v. Toxlas, 138 Pac. 880.

The rule is to allow amendments to refuse is the exception. Nashau Sav. Bank v. Loryan, 1 N. D. 211, 46 N. W. 411.

The description of the individual members of a partnership firm does not make such individuals defendants the reference to them being merely descriptio personæ. Winters v. Means, 69 N. W. 753.

A partnership is a distinct entity, and a judgment against it is not a judgment against the individuals who compose it. Lansing v. Beaver Co. 138 N. W. 833.

The rule of comity giving effect to contracts made beyond the limits if the state does not extend to an agreement in a note to pay attorney's fees if suit is instituted thereon, as such agreement is for a penalty and tends to the oppression of the debtor and to encourage litigation. Rogers v. Raines (Ky.) 38 S. W. 483.

*Melvin A. Hildreth,* for respondent.

The principle here is as to copartners, it is joint as to all the members and several as to each. A creditor may select any partner he

chooses and collect his claim from that partner. See Jones v. Gould, 200 N. Y. 19; Crumbley v. Courtney (Iowa) 164 N. W. 945; People v. Knapp, 206 N. Y. 373, 383.

The universal holding of the courts is that when one or more of several joint debtors are not found, or are not served with process, the plaintiff may proceed to judgment against those served as if they were the only defendants; a judgment against the ones served only is generally held proper, and we cite the following cases. Oliver v. Hutto, 5 Ala. 211; Smith v. Robinson, 11 Ala. 270; Shapard v. Lightfoot, 56 Ala. 506; Ladiga Sawmill Co. v. Smith, 78 Ala. 108; Greer v. Liipfert Scales Co. 156 Ala. 572, 47 So. 307; Burnett v. Menifee, 4 Ark. 140; Ingraham v. Gildemeester, 2 Cal. 88; Feder v. Epstein, 69 Cal. 456, 10 Pac. 785.

JOHNSON, J. This is an appeal from a judgment against defendant P. J. Burfening in the sum of $2,614.59, on certain promissory notes executed by the defendant partnership, of which the appellant was a member. Burfening assigns error principally on the ground that the court denied leave to amend, and a motion for a continuance, made on the day of the trial and after the jury had been impanelled.

In order to understand fully the issues, it will be necessary to state the history of the litigation somewhat in detail. On October 10, 1923, summons and complaint were served personally on defendant P. J. Burfening and on November 8, he interposed an answer, which is, in effect, a general denial. The case then went on the December, 1923, calendar, in Cass County; depositions of witnesses for the plaintiff were taken at Houston, Texas, on December 28, 1923, and at St. Louis, Missouri, December 3, 1923. Defendant Burfening appeared when the deposition of Narregang was taken at Houston, but no questions were propounded to the witness by his counsel. On the 19th of January, 1924, the case not having been tried at the December term, but being on the January, 1924, calendar, counsel for Burfening served a proposed amended answer and counterclaim, with notice of motion for leave to file the same, to be heard on January 29, 1924. The proposed answer admits the partnership and the execution of the notes. It is alleged that the consideration for the notes failed completely in this, that the machinery purchased by the partnership was not as warranted and was

valueless. The defendant then alleges a counterclaim, based upon breach of warranty and resulting damages. An affidavit was filed by counsel for the plaintiff in opposition to the application for leave to amend, in which it was alleged that the original answer was served within thirty days; that on November 10, 1923, the case was put on the regular calendar in Cass county and that notice to take depositions was served on November 26; that depositions were taken at Houston, Texas and St. Louis, Missouri, at large expense to plaintiff, and that at the taking of such depositions defendant Burfening appeared by counsel. It is then alleged that application for leave to amend is made for purposes of delay.

On the 2nd of February, Judge Cole denied the motion for leave to amend, and on March 7 plaintiff commenced attachment proceedings against Burfening and levied upon his property in Cass county. On the 15th of March, the case came for consideration before Judge Englert, one of the Judges of the district court, and on that date it transpired that an affidavit of prejudice had been filed by defendant against Judge Englert. This court assigned the Hon. H. L. Berry to try the case. On March 20, the case was called for trial in the forenoon and after the jury had been impanelled and during the noon hour a notice of motion for a continuance was served on the plaintiff, together with affidavit of one of the counsel for Burfening, Mr. J. P. Conmy, in support of the application. The application was promptly denied, whereupon the defendants withdrew on the ground that they had no evidence. The plaintiff proved its case, read the depositions of the witnesses, and the trial court instructed the jury to return a verdict for the plaintiff. The jury returned a general verdict in the amount asked in the complaint.

Ordinarily, an affirmance of the decision of the trial court, refusing to continue the case, would dispose of the other error assigned, based upon the order denying leave to amend. In this case, however, it appears probable, and it is so contended by counsel for the appellant, that the trial court, in denying the motion for a continuance, was influenced by the fact that the matters, which it was alleged in the affidavit that Burfening would testify to, were not admissible under the general denial. In view of this possibility we shall first determine whether the trial court abused its discretion in refusing to permit the

defendant to file an amended answer on the 29th of January, laying a foundation for the evidence alleged in the affidavit in support of the motion for a continuance, which was subsequently made and likewise denied. Upon the entire record we are satisfied that we can not say, as a matter of law, that the trial court committed reversible error in refusing to allow the amendment.

It is strenuously urged that it was an abuse of discretion to deny the application for leave to amend the answer. We have examined the record with some care for facts bearing on this alleged error. There are some rather impressive circumstances that may have influenced the trial court to deny the motion. The answering defendant is a member of the bar of this state; the trial court might well have presumed that he was thoroughly familiar with the elementary rules of pleading and of trial practice, and that he knew that in this jurisdiction absence and failure of consideration are matters of defense, must be pleaded and can not be proved under a general denial. Section 6913, Comp. Laws, 1913, being § 28 of the Neg. Instr. Act, makes absence or failure of consideration a matter of defense and this court has held that the burden of proof as to the defense of want or failure of consideration is upon the defendant to the end. Stubbins Hotel Co. v. Beissbarth, 43 N. D. 191, 174 N. W. 217; First State Bank v. Radke, 51 N. D. 246, 35 A.L.R. 1355, 199 N. W. 930; Sharp v. Sharp, 145 N. Y. Supp. 386; 2 Bates, New Pl., Pr., Parties & Forms, p. 1317. He was personally served, the law firm of which he was the head prepared the answer, and he did not leave the jurisdiction until after this answer was served. Moreover, the answering defendant was a member of the partnership, defendant in the action; the articles of copartnership are written on stationery that bears the name of his law firm; no suggestion appears in the record or the moving papers why the defense that Narregang had no authority to purchase the machinery and execute the notes, under article 16 of the copartnership, was not as fully known to Burfening when he interposed his general denial as at the time he applied for leave to amend, two months later; and if he knew of that .defense when he drew his answer, it was, of course, his duty to allege it, if he intended to rely thereon. No explanation is given of the failure to allege the facts constituting a breach of warrant; it is not stated why this partner did not know of the breach when his general denial

was served; if he then knew of the breach and intended to interpose that defense, good faith and fairness to opposing counsel required that the facts be alleged. If he did not know the facts constituting the breach, that fact should be stated, together with the circumstances, to the end that the court might determine whether legal excuse existed for ignorance of matters affecting the business of the firm of which he was a member. There is a total lack of explanation why the defensive matter alleged in the proposed amended answer was not interposed when the general denial was served. While it may be that it would not have been an abuse of discretion to permit the amendment, on such terms as would have been just in the circumstances, we are not inclined to say that to refuse the amendment was reversible error.

We are not unmindful of the policy of the law to permit amendments to pleadings with the utmost liberality in the interest of justice; that allowance of amendments should be the rule and refusal the exception; and that this liberality should be exercised particularly in case of proposed amendments to answers. Indeed, upon general principles amendments to the answer, calculated to permit a defendant to prove facts constituting a defense to the plaintiff's cause of action, should ordinarily be allowed, and if, by reason of the allowance of such amendment, the plaintiff be in fact surprised, the case should be continued for a reasonable time, and in addition thereto, such terms imposed as will fairly compensate the plaintiff for the expense and inconvenience occasioned as the natural and necessary result of permitting the defendant to amend. Guidery v. Green, 95 Cal. 630, 30 Pac. 786; Gould v. Stafford, 101 Cal. 32, 35 Pac. 429. These rules, however, are necessarily subordinate to the primary purpose they are intended to facilitate, namely, the doing of speedy and impartial justice between the parties. The rule is equally well established that permitting or refusing amendments to the answer setting up new defenses is largely discretionary with the trial court. Comp. Laws, 1913, § 7482; 21 R. C. L. 572, 573; Ennis v. Retail Merchants Asso. Mut. F. Ins. Co. 33 N. D. 20, p. 34, 156 N. W. 234. The discretion of the trial court in this regard "will not be disturbed on appeal except in case of eviden abuse thereof." 21 R. C. L. 574. See Kaye v. Taylor, 28 N. D. 293 298, 148 N. W. 629.

From what had been said, it necessarily follows that if the trial cour be convinced, in view of all the circumstances, that the interest of

justice will not be advanced by permitting the amendment, the application should be denied. In the exercise of its discretion, the trial court will necessarily take into consideration many matters. Parties must be held to reasonable diligence and entire good faith in pleading the facts constituting their cause of action or defense. When permitting a new defense to be interposed by amendment, a short time before trial, will necessarily occasion inconvenience and expense to the other party, and perhaps delay the trial of a cause already at issue, on the calendar of the term, and in which the depositions of material witnesses, living in remote states, have been taken on the assumption that the issues had been made by the complaint and the answer thereto, it is not unreasonable to require the party who seeks to amend and interpose new defenses to make such a showing as will satisfy the trial court both as to his diligence and his good faith. In Sawyer v. Stilson, 146 Iowa, 707, 125 N. W. 825, error was assigned on the ground, among others, that the trial court had erroneously refused leave to amend the answer. The court, thru Weaver, J. says: "The matters sought to be thus pleaded were in their nature such as must have been known to the defendants during all the time the case had been pending and no good reason was shown why, if thought important, they had not been offered." While there is nothing in the record to cast doubt upon the good faith of any of the counsel for the defendant, we do feel that it can not be fairly said that the trial court abused its discretion in disallowing the amendment under the circumstances. Burfening offered no explanation or excuse why he did not inform his counsel, when his first answer was prepared and served, of the existence of the matters of defense he sought to allege in the proposed amended answer. The inference is entirely legitimate that the facts were known to him at the time, and, no explanation of his failure to allege them timely having been offered, the trial court was justified in refusing to allow an amended answer, with a counterclaim, to be interposed after the case was at issue and on the eve of the trial.

The affidavit of J. P. Conmy, in support of the motion for a continuance, recites, in substance, the following: That the defendant Burfening is the sole answering defendant; that this defendant and his attorneys have diligently prepared for the trial of the action at this term; that Burfening "is his own principal witness" and advised the

affiant, before he left for California, about December 1, 1923, that he would be present at the trial; that this affiant, and others in his office, conferred with the trial judge, the Hon. A. T. Cole, regarding this action and that the said Cole advised affiant that "he preferred not to try this case, but would arrange to have Hon. Chas. M. Cooley, judge of this district, to preside at the trial thereof." Affiant then states, on information and belief, that counsel for plaintiff agreed with an associate of affiant that the case be tried before Judge Cooley when Judge Cooley would be available (this is denied by counsel for plaintiff), which would not be until the last week in March, or the first week in April, 1924, and that affiant informed Burfening of this arrangement and understanding; that on March 15, Judge Englert presided at the term of court then in session and set the case for trial for March 19, at 10 o'clock A. M., and that thereupon affiant immediately notified defendant Burfening of that fact; that it was a physical impossibility for defendant Burfening to come to Fargo in time for the trial from Glendale, California, to be present as a witness in his own behalf at the trial of the action; that the wife of defendant Burfening had for some time been seriously ill and affiant then states, on information and belief, that "it would be utterly impossible for the said P. J. Burfening to leave the bedside of his said sick wife at the present time or for at least thirty days from this date" to testify; affiant states, on information and belief, that the wife of defendant Burfening has been "extremely and seriously ill" since the last week of February, 1924, having undergone several operations; affiant attaches to his affidavit letters dated February 20 and March 7 and a telegram dated March 18, 1924, relative to the wife's condition, from defendant Burfening; affiant then alleges that it is impossible for the defendant Burfening to leave his wife to testify at the trial. Affiant alleges, on information and belief, that if a continuance for 30 days be granted, Burfening will be able to come and testify as a witness. Affiant then says "that the testimony of the said defendant P. J. Burfening is necessary and material and that without such testimony defendant can not safely proceed to trial; that no other evidence is at hand, nor witnesses in attendance or known to affiant whose testimony could have been procured in time, upon whom the defendant P. J. Burfening can safely rely to prove the particular facts that he expects to prove and believes can be proved by his own testimony, to maintain the issues in respect thereto on the part of

this defendant." Affiant says that the deposition of defendant was not taken because Burfening informed affiant that he would appear and testify in person.

Affiant then states that the witness Burfening, if present, would testify as follows: That the Syndicate Trust Co. is a partnership, consisting of the persons named in the complaint, having written articles of copartnership, ¶ 16 of which provides that no partner may enter into any bond or obligation "without the consent of the others having first been obtained;" that defendant Burfening never, in writing or otherwise, authorized Narregang, his copartner, to execute the note in suit in the name of the Syndicate Trust Co., or otherwise; that he did not authorize or consent to the purchase by Narregang, in behalf of the partnership or otherwise, of the machinery in consideration of the purchase of which the notes were executed; that before November 18, 1920, the date when the machinery was sold and delivered, and when the notes were executed, defendant Burfening "and his associates in the copartnership, known as the Syndicate Trust Co., informed and advised the plaintiff, and caused the plaintiff to know and become acquainted with, the contents of the articles of copartnership of said Syndicate Trust Co. and particularly with the provisions contained in paragraph 16 thereof;" that the answering defendant knew of the installation of the machinery, objected to the purchase and installation thereof, and that the officers of plaintiff admitted to him that they knew of the provisions of article 16, before they made the deal with his copartner Narregang; that the answering defendant never ratified the sale or consented to and confirmed the same in any manner; that the engine was defective and worthless, failing to develop the power warranted for the purposes intended. Affiant then says that it is physically impossible to procure the affidavit of Burfening in regard to the facts to which he will testify or support the affidavits with reference to the alleged illness of the wife and that it is utterly impossible for defendant Burfening to be present and testify.

The denial of the motion for a continuance can be sustained on the sole ground that the matters to which the absent witness would testify were inadmissible, as has been indicated, under the answer then in the case, which was a general denial. We have notwithstanding explored the record in detail and found facts and circumstances which,

wholly aside from the question of admissibility under the pleadings, impel the conclusion that reversible error was not committed in denying the motion. We deem it proper, in view of the ability and earnestness with which counsel for appellant contend for a reversal, to call attention to some of the considerations that doubtless influenced the trial court. We shall, accordingly assume, for the purpose of this discussion, that the evidence was admissible under the pleadings as they stood at the time of the application for a continuance was made.

It is contended by the plaintiff that this affidavit is, in several respects, wholly insufficient to support a motion for a continuance, made after the trial had commenced, and that the trial court did not abuse its discretion in denying the application.

Ordinarily, there should be a specific allegation in the affidavit to the effect that the facts to which the absent witness will testify can not be proved by other witnesses whose testimony may be, or, by diligence, could have been, made available at the trial. 13 C. J. 183, 188; 6 R. C. L. 558. To this rule certain exceptions have been admitted in some jurisdictions (see 6 R. C. L. 558; Espy v. State Bank, 5 Ind. 274; Harrison v. Waymouth, 3 Rob. (La.) 340), but there is nothing in the record to require a departure from the general rule. As we read the affidavit, there is no such direct allegation as this salutary rule contemplates. While the affiant says that no other witnesses are in attendance or known to affiant whose testimony could have been procured in time who will testify to the matters alleged by way of defense, it affirmatively appears, from a portion of the affidavit heretofore quoted, that Burfening's copartners, Narregang, Burgess and others, at all times knew that the plaintiff had knowledge of the existence of paragraph 16 of the articles of copartnership prior to the execution of the notes in suit and the sale of the machinery in connection therewith. There is no explanation in the affidavit, or in the record, why these associates and copartners of the answering defendant did not testify, or were not present at the trial for the purpose of testifying; the record shows that one of the copartners, Narregang, was examined at Houston, Texas, by the plaintiff; that the defendant took no steps, by serving notice, or otherwise, to take the deposition of this copartner, who, according to the affidavit, was conversant with at least some of the material facts equally with defendant Burfening; from the record it appears that the co-

partner Narregang must have been, to some extent, familiar with the matters of defense pertaining to the breach of the warranty and the failure of consideration, inasmuch as he was apparently upon the premises in Texas when the machinery was purchased and used. There is nothing in the record from which the inference of due diligence can be drawn with respect to the procuring of the associates of the answering defendant to testify to material facts of which the affidavit shows they had knowledge. See State v. Stevens, 19 N. D. 249, 123 N. W. 888.

It is said in the affidavit that there are no other witnesses on whom defendant "can *safely rely* to prove the particular facts that he expects to prove." Why Burfening could not "safely rely" upon his copartners, who, he says, had knowledge of at least some of the facts he expected to prove, does not appear. This conclusion can not be accepted as binding upon this court when we are passing upon the claim that the trial court abused its discretion in denying a motion for a continuance. The facts must be stated. See 13 C. J. 188; 6 R. C. L. 564. This allegation in the affidavit is a conclusion of the affiant, which, to some extent, at least, is rather negatived by other facts alleged in the affidavit. In a suit against a partnership, there surely is no presumption that an answering partner cannot "safely rely" upon his copartners to testify truthfully as to the facts of which they have knowledge and which, it is claimed, constitute a defense to a suit against the firm. We are constrained to the conclusion that the showing for a continuance is such that we can not say, as a matter of law, that the trial court abused its discretion in denying the application. Surely, the copartner Narregang knew whether or not he had ever been authorized by the answering defendant or by any copartner to purchase the machinery, and execute the notes in suit. There is no suggestion or explanation why the testimony or the depositions of the copartner Narregang and of other copartners having similar knowledge of facts material to the defense, were not made available at the trial.

The notes in suit contained the following stipulation: "If this note is not paid at maturity and is placed in the hands of an attorney for collection we agree to pay 10% additional on the principal and interest thereof as attorneys' fees for collection." The judgment entered contained ten per cent additional for attorneys' fees. Appellant con-

tends that this provision of the note is contrary to public policy, and, therefore, unenforceable, notwithstanding the note was executed in Texas where such a stipulation appears to be lawful.

Section 7791, Comp. Laws, 1913, reads as follows:

"Any provision contained in any note, bond, mortgage or other evidence of debt for the payment of an attorney fee in case of default in payment or of proceedings had to collect such note, bond or evidence of debt or to foreclose such mortgage is hereby declared to be against public policy and void."

We think that the contention of the defendant must be sustained. The right to enforce a contract in a jurisdiction foreign to that of its creation rests upon principles of comity. The rule, as generally stated, is that a contract, valid where made, is valid everywhere. It is elementary, however, that the doctrine of comity does not require the courts of one state to enforce contracts made in another state when such contracts are contrary to the public policy of the forum. The legislature of this state has seen fit to declare that provisions in promissory notes for attorney fees in case of default, are contrary to public policy and void. It is not questioned that the legislature has the power to put the stamp of its disapproval upon stipulations of this kind. It is no less clear that the courts of this state have no power, upon principles of comity or otherwise, to override the legislative pronouncement in this regard and to say, in effect, that an agreement, denounced as contrary to the public policy of the state by the legislature, shall nevertheless be enforced. It is peculiarly within the province of the legislative department to define the public policy of the state, and comity must yield in such cases to the manifestation of the legislative purpose. The rule that the lex loci governs and that the courts will ascertain the intention of the parties to the agreement and enforce the same, is subordinate to the well established doctrine that the public policy of the forum cannot be set at naught by comity or contract. "The public policy of a state, established either by express legislative enactment, or by the decisions of its courts, is supreme, and, when once established, will not, as a rule, be relaxed, even on the ground of comity to enforce contracts which, tho valid where made, contravene such policy." 5 R. C. L. 944; Bond v. Hume, 243 U. S. 15, 61 L. ed. 565, 37 Sup. Ct. Rep. 366; Klein v. Keller, 42 Okla. 592, 141 Pac. 1117, Ann. Cas. 1916D,

1070; Meacham v. Jamestown, F. & C. R. Co. 211 N. Y. 346, 105 N. E. 653, Ann. Cas. 1915C, 851. "The doctrine of comity must yield to the positive law of the land. Hence the foreign law must give way when in conflict with the statutes of the forum or the settled current of its judicial decisions." 12 C. J. 438, 439. See also Arden Lumber Co. v. Henderson Iron Works & Supply Co. 83 Ark. 240, 103 S. W. 185; Exchange Bank v. Apalachian Land & Lumber Co. 128 N. C. 193, 38 S. E. 813; Hallam v. Telleren, 55 Neb. 255, 75 N. W. 560.

This action is against the "Syndicate Trust Co." and the names of the individual members constituting the partnership are given in the title. In the second paragraph of the complaint it is alleged that the Syndicate Trust Co. is a partnership consisting of the individuals named in the caption as partners. The notes on which suit is brought purport to be executed by the firm and not by the individuals. We, therefore, hold that the action is against defendants as partners, upon a partnership obligation. See Kilgore v. Shannon & Co. 6 Ala. App. 537, 60 So. 520; Winters v. Means, 50 Neb. 209, 69 N. W. 753; Williams v. Hurley, 135 Ala. 319, 33 So. 159; Lansing v. Bever Land Co. 158 Iowa, 693, 138 N. W. 833.

The judgment was entered against P. J. Burfening alone. It is contended by the defendant Burfening, appellant herein, that this was error and that the plaintiff was, at most, entitled to a judgment against the partnership. In this we think the contention of the defendant must be sustained. Section 6410, Comp. Laws, 1913, provides that "every general partner is liable to third persons for all the obligations of the partnership *jointly* with his copartners." This statute appears as § 1428 of the Civil Code of 1877. It enacts the common law theory of joint liability of partners. In Braithwaite v. Aikin, 1 N. D. 455, p. 472, 48 N. W. 354, this court expressly refrained from deciding the question as to whether the liability of partners, in this jurisdiction, is joint, or joint and several. Under identical statutes the liability has been held to be joint. Cox v. Gille Hardware & Iron Co. 8 Okla. 483, 58 Pac. 645; Heaton v. Schaeffer, 34 Okla. 624, 43 L.R.A.(N.S.) 540, 126 Pac. 797. See also 1 Rowley, Modern Law of Partnership, p. 623, and cases cited in note 57.

Section 7435, Comp. Laws, 1913 has modified materially the common law rule as to the service of process on less than all of the defend-

ants jointly liable upon an obligation. It is provided, when the action is against two or more defendants jointly indebted upon the contract and the summons is not served on all of them, that the plaintiff may proceed against the defendant served, unless the court otherwise directs; "and if he recovers judgment, it may be entered against all the defendants thus jointly indebted so far only as that it may be enforced against the joint property of all and the separate property of the defendant served." Applying the rule of the statute, it is clear that the liability on the notes in suit was that of a partnership; that it was joint, and not joint and several; that altho the plaintiff did not serve process on all the defendants thus jointly liable, he might notwithstanding prosecute the action to judgment and enter judgment against all the defendants; that thru such judgment plaintiff could reach the joint property of all defendants, and also the separate property of the defendant served. See Goldstein v. Peter Fox Sons Co. 22 N. D. 636, 40 L.R.A.(N.S.) 566, 135 N. W. 180. It follows that the judgment should have been entered against all the partners, entitling the plaintiff to a satisfaction of the same from the joint property of the partnership, and the separate property of P. J. Burfening. See 33 C. J. 1120, 1121.

The verdict is in the following language: "We, the jury, in the above entitled action, find for the plaintiff and assess its damages in the sum of $2569.34." A new trial is not necessary. The judgment entered against P. J. Burfening individually should be modified, and a judgment entered on the verdict against the partnership and all the defendants named as partners, in conformity with the provisions of § 7435, supra.

The case is remanded and the trial court is directed to modify the judgment in conformity with the views expressed herein.

Bronson, Ch. J., and Birdzell, Christianson, and Nuessle, JJ., concur.