### UNITED STATES v. JOHNSON et al.
### Civ. No. 2350.

United States District Court,
D. North Dakota, Southeastern Division.

Jan. 21, 1952.

J. P. Stevens, Asst. U. S. Atty., Minot, N. D., for plaintiff.

D. G. Topp, Cooperstown, N. D., for defendants.

VOGEL, District Judge.

This is a suit by the United States of America on a promissory note admittedly executed by the defendants and admittedly unpaid, but to which defenses have been presented in the answer. By agreement, the attorneys for the parties have submitted the questions raised to the Court on the record and on briefs filed in behalf of the respective parties.

On or about August 24, 1948, the defendants executed their promissory note payable to the order of Harris Construction Company in the amount of $1,236.12. Thereafter, for value and in due course, Harris Construction Company sold and assigned the note to the Northwestern National Bank of Minneapolis. Subsequently, the Northwestern National Bank of Minneapolis sold and assigned the note to the United States of America, plaintiff herein. The note sued on contained the following provision: "The undersigned hereby agree(s) to pay costs of collection or an attorney's fee in case payment hereof shall not be made at maturity."

28–2604, NDRC 1943 provides as follows: "*Attorney's Fee in Instrument Void.* Any provision contained in any note, bond, mortgage, or other evidence of debt for the payment of an attorney's fee in case of default in payment or in proceedings had to collect such note, bond, or evidence of debt, or to foreclose such mortgage, is against public policy and void."

The defendants' answer raises two defenses: First, that this Court is without jurisdiction; and, second, that under the provisions of the above-quoted section of the North Dakota Code the note sued on is against public policy and accordingly void. The Court will first consider the jurisdictional question.

Counsel for the defendants raise two objections to jurisdiction: (a) That the amount sued for is less than the jurisdictional requirement for suits in Federal Court; and (b) that the obligation sued on has been assigned to the plaintiff and the original assignor could not have brought suit in this Court to enforce payment. 28 U.S.C.A. § 1345 provides as follows: "Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress."

In construing the foregoing section, the Court in U. S. v. Conti, D.C.S.D.N.Y. 1939, 27 F.Supp. 756, held directly contrary to the defendants' contention on both points and found that the "assignee clause" in the statute relied on by defendants was inapplicable and, further, that where the United States was the plaintiff, the Federal District Courts obtained jurisdiction regardless of the amount at issue.

In arguing the second point raised by the defendants, their counsel very properly points out that this is a matter of State, not Federal, law· and that the Federal Courts, when so involved, must follow the law of the state. Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, '58 S.Ct. 817, 82 L.Ed. 1188. This case must, then, be determined by the laws of the State of North Dakota and the decisions of the Supreme Court thereof.

As to defendants' second defense, namely, that the note in question contained a provision which, under 28-2604 NDRC 1943, supra, is, under the law of North Dakota, against public policy and void, it should be pointed out that the statute in question provides that "any provision * * *" containing the objectionable matter " * * * is against public policy and void." In other words, that provision of the note, bond or mortgage is contrary to public policy and void. Counsel for the defendants rely mainly upon the North Dakota Supreme Court case of Continental Supply Co. v. Syndicate ,Trust Co., 1925, 52 N.D. 209, 202 N.W. 404, which involved a note containing a provision for the collection of ten percent additional for attorney's fees. The note in that case had been executed in Texas, where such a provision appears to be lawful. Inasmuch as the provision was contrary to the laws and the public policy of the State of North Dakota, it naturally would not be enforced by the courts of North Dakota. The trial court had allowed judgment to be entered for an amount including ten percent additional for attorney's fees. The Supreme Court modified the judgment by eliminating the additional amount and remanded the case to the trial court for the entry of a modified judgment. In other words, the Supreme Court of North Dakota held merely the objectionable provision to be void and not the entire instrument.

On the note sued on herein, the Court holds that the objectionable provision only is. void and unenforceable under the laws of North Dakota but that the plaintiff may recover for the principal amount of the note plus four percent (4%) interest from August 24, 1949, and its costs and disbursements as provided by law. Counsel for the plaintiff is directed to prepare and submit proposed Findings, Conclusions, Order for Judgment and Judgment in conformity herewith.

It Will Be So Ordered.